## STANDARD OIL COMPANY v. HANDLEY.

[No. 9,744.    Filed May 8, 1919.    Rehearing denied June 18, 1919.    Transfer denied January 14, 1920.]

1.  MUNICIPAL CORPORATIONS.—*Use of Streets.*—*Ordinances.*—*Construction.*—Ordinances regulating the use of streets should receive a reasonable construction consistent with the purpose of their enactment and the practical difficulties that arise in their application to particular cases.    p. 177.

2.  NEGLIGENCE. — *Automobiles.* — *Use of Streets.* — *Ordinances.* — *Driving in Procession.*—*Trailers.*—An ordinance that forbids the

drivers of vehicles owned by any person, firm or corporation from proceeding on the streets in procession, and which requires that a distance of at least twenty feet shall be observed between every such vehicle, was intended to prevent unnecessary interference with or impeding the crossing of the streets by pedestrians, and not to prohibit the use of trailers, nor to require the use of a tow line or cable at least twenty feet long. p. 177.

From Warrick Circuit Court; *Ralph E. Roberts,* Judge.

Action by Frank Handley, by his next friend James Handley, against the Standard Oil Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John R. Brill, Frank H. Hatfield* and *John W. Brady,* for appellant.

*George K. Denton, H. T. Hardin, G. V. Menzies* and *Felt & Forney,* for appellee.

McMAHAN, J.—This was an action by appellee to recover damages for personal injuries alleged to have occurred by the negligence of the appellant. The complaint was in one paragraph and alleged that appellant was a corporation engaged in the marketing and delivering of gasoline and similar products in the city of Evansville in this state; that in the delivery of said products it used a motor truck propelled by gasoline and also a tank wagon to be drawn by horses; that on September 21, 1914, the appellant attached said wagon by the end of the tongue to the rear end of the motor truck and in that manner propelled said vehicles along one of the streets in said city; that said street was thickly populated, being built up with dwelling houses, and was frequently used by small children for play and recreation, all of which was well known to appellant. That on said day appellee

was a minor under six years of age, and resided with his parents on said street, where said vehicles were being propelled, and was at said time engaged in playing a game of marbles with a small brother, using the front yard of his father's dwelling and the side-walk and street adjacent thereto in playing said game; that said vehicles were in charge of an employe of appellant, who was driving said vehicles for appel-lant and in the line of his employment. That appel-lant by said employe was driving said vehicles at-tached together with no space between them in viola-tion of an ordinance of said city, then in force and effect, and which reads as follows:

"The drivers of vehicles owned or controlled by any firm, person or corporation, shall not proceed in procession, and a distance of at least twenty (20) feet must be between such vehicles."

That the driver was seated on the front end of said motor truck and was propelling said vehicles, and that there was no one on said tank wagon to observe the street or to warn any one of danger, and that appellant was negligently and carelessly driving said vehicles along said street in said manner when appellee, in playing said game, shot his marble out into the street and into the track of said motor truck, which passed over his marble; that appellee followed after his marble, when he waited for the truck to pass over said marble and, not seeing or realizing in his intentness on the game that the tank wagon was attached to and was following the motor truck, was struck and injured by the tank wagon.

It is also alleged that, because of his tender years, appellee was not capable of realizing and appreciat-ing the danger; that the driver of the motor truck saw

the boys playing marbles and saw appellee run out into the street and realized his danger, and that it was the duty of the driver to have warned appellee of his danger and to have observed said tank wagon when passing along the street in close proximity to said children and to see that no one was injured thereby, but that the driver negligently and carelessly failed to do so and negligently and carelessly failed to look back to said tank wagon when passing said children.

It is further alleged that, if there had been a driver on said rear vehicle, or if said vehicles had not been attached together, or if there had been proper space between them, the appellee would not have been injured, but that appellant negligently failed to have a driver on said rear vehicle, and negligently attached said vehicles together, and negligently propelled them along the street in said manner, well knowing that the street was used by children for play and that it was dangerous to said children to do so at said time and in said manner, and that appellee's injuries were caused solely by the alleged negligence of appellant.

The appellant filed an answer of general denial. There was a trial by jury which resulted in verdict and judgment for appellee.

The appellant filed a motion for a new trial, assigning as reasons therefor that the court erred in giving on its own motion instructions Nos. 1 and 2, in refusing to give instruction No. 4 requested by appellant, in giving each of the instructions 'Nos. 1 to 10 requested by appellee; that the verdict of the jury is not sustained by sufficient evidence, is contrary to law, and that the damages assessed are excessive.

The only error assigned is that the court erred in overruling the motion for a new trial.

The facts, as shown to exist by the uncontradicted evidence, are: That on September 21, 1914, there was in force and effect in the city of Evansville an ordinance as stated in the complaint, and that on said day one of appellant's tank wagons was at a blacksmith shop for repairs and that one of appellant's servants went after it with a motor truck and attached the tank wagon by the end of the tongue to the rear end of said truck and, in that manner, was taking the tank wagon along the street where the accident happened to the appellant's plant, which was a distance of two and a half or three blocks from the blacksmith shop. That the appellee was less than six years old and was playing marbles in the front yard, and on the sidewalk in front of his home, with his twelve year old brother and another boy of about the same age, and that the marble with which he was playing rolled out into the street as the said truck with the said tank wagon in the rear was passing; that the appellee ran after the marble, and ran in between the truck and wagon and was run over by the wagon and injured. The truck at the time of the accident was going at a speed of about five miles an hour, and had passed appellee when he started in behind it to get his marble. When the driver of the truck reached the place where the boys were playing, they were standing in the yard a few feet from him, and he saw them at that time, but did not see the appellee when he started to run into the street, and did not know he was injured until someone called to him. There was no conflict in the evidence except as to the extent of appellee's injuries.

The court, in instruction No. 9, given at the request of the appellee, told the jury that, if there was not at least twenty feet between the tank wagon and the motor truck which appellant was propelling along the street, the appellant was violating the ordinance set out in the complaint, and the violation of said ordinance constituted negligence; and if, as a result of such violation of such ordinance and as the proximate result thereof, the appellee was injured, their verdict should be for the appellee.

The appellant was driving the tank wagon and the motor truck in procession, and there was not a distance of twenty feet between them.

The ordinance provides that:

> "The drivers of vehicles owned by any person, firm or corporation, shall not proceed in procession, and a distance of at least twenty feet must be between every such vehicle."

It is evident to us that the framers of this ordinance, at the time of its passage, did not have in mind any such a condition as is shown by the evidence in this case. The words, "drivers of vehicles," both "drivers" and "vehicles" being plural in form, indicate to us that they had in mind a procession of vehicles owned by some person, firm or corporation, each vehicle being in charge of its own driver. The intention doubtless was to prevent a procession of such vehicles unnecessarily interfering with or impeding pedestrians in crossing the streets of the city. Any other construction would absolutely prohibit the use of trailers as now used in connection with automobiles and trucks. If an automobile should "go dead," as they will at times, without compunction as to time or place, the ordi-

nance, if given the construction contended for by appellee, would prohibit the owner from towing it along the streets with another automobile or truck owned by him, unless he had a tow line or cable at least twenty feet long, while he could employ the owner of another automobile or truck to haul him in and use a cable of any length desired. The construction which appellee asks us to place upon this ordinance would prohibit the farmer fastening his buggy behind his wagon and bringing it to the city for repairs, or taking it home, unless it was so attached to the wagon as to have a distance of twenty feet between each vehicle.

Such ordinances "should receive a reasonable construction consistent with the purpose of their enactment and the practical difficulties that arise in their application to particular cases." *Conder* v. *Griffith* (1916), 61 Ind. App. 218, 111 N. E. 816.

The giving of said instruction No. 9 was reversible error. The appellant complains of instruction No. 7, given at request of appellee, for the reason that it is inconsistent with No. 9, given at the request of appellee. In view of the fact that we have held the latter instruction erroneous, it is not necessary for us to give any consideration to No. 7, further than to say that it does not meet with our approval for the reason that it is not limited to the negligence alleged in the complaint.

We do not deem it necessary for us to discuss any of the other alleged errors. Judgment reversed, with direction to sustain the motion for a new trial and for further proceedings not inconsistent with this opinion.