GAMBLE ET AL. *v.* LEWIS.

[No. 28,550. Filed May 2, 1949.
Rehearing denied June 29, 1949.]

Young, J. concurs with opinion. Starr, C. J. concurs with opinion by Young, J.

· *Harry P. Cooper, Jr.,* and *C. Wendell Martin,* both of Indianapolis; and *Frank S. Campbell* and *Frank W. Campbell,* both of Noblesville, for appellant.

*Garrison & Castor,* and *Christian & Waltz,* all of Noblesville, for appellees.

EMMERT, J.—This is an appeal from a judgment on a verdict awarding the appellee the sum of $6,850 for

personal injuries and property damages on two paragraphs of complaint for negligence in causing an automobile collision. The appellants had each filed counterclaims, and the verdict found against each appellant on those issues.

The appellants' motion for new trial assigned as causes therefor the insufficiency of the evidence and that the verdict was contrary to law, error in refusing to give to the jury certain instructions requested by the appellants, and prejudicial misconduct on the part of counsel for appellee.

The appellee insists that the bill of exceptions containing the evidence is not properly in the record for the reason that the clerk's certificate to the transcript does not authenticate such bill of exceptions. Assuming, without deciding, that the clerk's certificate is insufficient, appellee is not now in a position to challenge the error. The appellee applied for and received an extension of time for the filing of his briefs. Rule 2-16 requires the petition to "state facts showing that the court in which the cause is pending has jurisdiction and that the brief will be on the merits." An objection that the evidence is not in the record does not go to the merits of the appeal, and by his petition for extension of time the alleged error was waived. *Brodt* v. *Duthie* (1933), 97 Ind. App. 692, 186 N. E. 893.

Appellee has shown no cause for us to sustain his contention that because a copy of a certain diagram used by certain witnesses to illustrate their testimony was not in the bill of exceptions, the record affirmatively shows all the evidence is not before this court, and therefore we cannot consider the bill of exceptions containing the evidence. On this contention there are no authorities cited under his "Propositions, Points and Authorities." Rule 2-18 provides that "Under each of such propositions shall be grouped the points

of law and authorities relied upon to support it, in like manner as required in appellant's brief." See *Anderson* v. *Moise* (1945), 116 Ind. App. 240, 63 N. E. 2d 303; *Carithers* v. *Carithers* (1946), 116 Ind. App. 607, 65 N. E. 2d 640.

On appeal, when the sufficiency of the evidence is questioned, we do not weigh the evidence, but we examine the record to see if there is any evidence, or any reasonable or logical inference which may be drawn from the evidence, which if believed by the jury would sustain the verdict. *Butterfield* v. *Trittipo* (1879), 67 Ind. 338, 342; *Indiana Ins. Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003. The record when considered most favorable to the appellee, and with every reasonable inference against the appellants, discloses that on the 27th day of June, 1946, at about ten o'clock A. M., the appellant, Bernice Gamble, was driving a Chevrolet sedan in a westerly direction on State Road No. 38 in Hamilton County, about two miles west of Noblesville, Indiana. The weather was clear with the sun shining, and the day was warm. State Road No. 38 at that place was hard surfaced with an oil mat which was about thirty feet wide, with berms about fifteen to eighteen feet wide on each side. The appellee was driving a Plymouth sedan in an easterly direction. The rear door on the left side became partially unlatched, and without stopping, he directed his attention to closing this door, and in doing so, his car was driven eighteen inches to two feet to the north and his left of the center of the pavement. He looked up and saw the appellant Bernice Gamble, hereafter referred to as the appellant driver, approaching at about one hundred yards away, driving on her right. Appellee testified he was driving forty to forty-five miles per hour and the oncoming Chevrolet was coming the same speed, but admitted she might have been coming twenty-five miles

per hour, which was the opinion of the appellant driver as to her speed. Appellee turned to the right, applied his brakes, which showed skid marks for twenty-five to thirty feet before the point of collision, but he traveled one hundred fifty to two hundred feet from the time he saw the oncoming car until the collision. Appellant driver became confused, and drove to her left and the south side of the road, where the cars collided at the south edge of the pavement, where the appellee's car was partly on the pavement and partly on the berm. Both cars turned to the south at about the same time. As we view the evidence on speed most favorably to the appellee, with his speed at forty miles per hour, and the appellant driver going twenty-five miles per hour, at the time appellee observed the oncoming Chevrolet, the cars were approaching each other at a rate of 95.33 feet per second.

By the verdict, the jury found that the appellee was free from any negligence, however slight, which was a proximate cause of the collision. The appellants contend that this finding was not sustained by sufficient evidence and was contrary to law. If the facts are in dispute, or if reasonable men may draw different conclusions from undisputed facts, the question of negligence is one for the jury; but if the facts are not in dispute, or if the facts most favorable to the proponent, together with all reasonable and logical inference that may be drawn therefrom be assumed as true, and reasonable men could draw only one inference from such assumed facts and inferences, then the question of negligence becomes one of law for the court. *Tabor* v. *Continental Baking Co.* (1941), 110 Ind. App. 633, 641, 38 N. E. 2d 257; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1939), 216 Ind. 545, 24 N. E. 2d 284; *Indianapolis & Cincinnati Traction Co.* v. *Roach* (1922), 192 Ind. 384, 135 N. E. 334; *Indiana Ins. Co.* v. *Handlon* (1940),

216 Ind. 442, 24 N. E. 2d 1003, *supra; Northwestern Transit Inc.* v. *Wagner* (1945), 223 Ind. 447, 61 N. E. 2d 591; *Dieckman* v. *Louisville, etc. Traction Co.* (1909), 46 Ind. App. 11, 89 N. E. 909, 91 N. E. 179; 45 C. J. 1280, § 852; 5 Am. Jur. 874, § 668.

Likewise, the question of proximate cause is generally a question for the jury to determine, but it may become a question of law for the court under the same circumstances that negligence becomes a question of law. *Tabor* v. *Continental Baking Co.* (1941), 110 Ind. App. 633, 644, 38 N. E. 2d 257, *supra; Anti-Mite Engineering Co.* v. *Peerman* (1943), 113 Ind. App. 280, 286, 46 N. E. 2d 262; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485; *Haskell & Barker Car Co.* v. *Przezdziankowski* (1908), 170 Ind. 1, 15, 83 N. E. 626; *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; 5 Am. Jur. 875, § 669; 45 C. J. 1320, § 879.

Section 61 of the Uniform Act Regulating Traffic on Highways (Chapter 48, Acts 1939) prescribes the statutory rule on the law of the road. It requires that:

"Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows:

1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

2. When the right half of a roadway is closed to traffic while under construction or repair;

3. Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable thereon; or

4. Upon a roadway designated and sign-posted for one-way traffic." § 47-2010, Burns' 1940 Replacement (Acts 1939, ch. 48, § 61, p. 289).

The law of the road on driving to the right as pre-

scribed by Ch. 213 of the 1925 Acts was contained in §§ 37 and 43.[1] Driving to the left of the center of the highway has been held *prima facie* evidence of negligence under both sections of the 1925 act. *Lorber* v. *Peoples Motor Coach Co.* (1929), 89 Ind. App. 139, 164 N. E. 859, 172 N. E. 526; *Jones* v. *Cary* (1941), 219 Ind. 268, 284, 37 N. E. 2d 944, *supra.* In the latter case, Judge Swaim, speaking for the court said:

> "While the violation of such a statutory regulation does not conclusively establish negligence, it is *prima facie* evidence of negligence and places on the opposing party the duty of producing evidence to show a valid excuse for such violation."

We believe the same construction should apply to § 47-2010, Burns' 1940 Replacement, and that when the appellee drove to his left of the center of State Road No. 38, it was *prima facie* evidence of negligence. There is no evidence in the record, or any reasonable inference from any evidence which would excuse such conduct, and, therefore, as a matter of law we must hold that he was guilty of negligence. The only reasonable inference from such conduct and the facts in this appeal is that

---

[1] § 10138, Burns' 1926. "Whenever any person who is driving or operating a motor vehicle . . . on any public highway of this state shall meet any other person who is driving or operating a motor vehicle . . . , the person who is driving or operating such motor vehicle . . . shall turn such motor vehicle . . . to the right of the center of the highway, so as to give one-half of the traveled portion of such highway and so as to pass without interference."

§ 10144, Burns' 1926. "It shall be unlawful for any person to drive or operate a motor vehicle . . . on any public highway of this state in a reckless or dangerous manner and so as to endanger the life, limb or property of any person. For the purpose of this act, the term 'reckless driving' shall be construed to mean driving on that side of the highway which is to the left of the operator . . ."

such negligence was a proximate cause of the collision; hence the verdict was not sustained by sufficient evidence and was contrary to law. *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944, *supra; Borg* v. *Larson* (1916), 60 Ind. App. 514, 111 N. E. 201.

The appellants assert that there was no evidence of any negligence on the part of appellant driver, for the reason that she was placed in a position of sudden peril by the negligence of the appellee, and that her conduct in driving to the left was not negligence as a matter of law. "Where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Accordingly, if he exercises such care as an ordinarily prudent man would exercise when confronted by a like emergency, he is not liable for an injury which resulted from his conduct, even though another course of conduct would have been more judicious, or safer, or might even have avoided the injury, . . . " 45 C. J. 710, 711, § 92. See *Dieckman* v. *Louisville, etc., Traction Co.* (1909), 46 Ind. App. 11, 17, 89 N. E. 909, 91 N. E. 179, *supra,* and cases cited; *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 44 N. E. 2d 93. "Ordinarily, such an issue is for the determination of the jury, . . . " *Hedgecock* v. *Orlosky,* p. 396, *supra.*

The appellant driver, when she was suddenly faced with the emergency created by the appellee driving on the north side of the road, could have driven off the traveled portion of the highway on the north berm; she could have driven straight ahead in the hope that the appellee would turn to the south in time to have avoided the collision; she could have driven on the south half, as she did; she could have driven completely on the berm on the south side far enough to have missed

the appellee when he turned south; and she could have applied her brakes at once in an effort to slow down while pursuing any one of these courses. We cannot say that reasonable men could not differ on which was the reasonable course of conduct for her to follow under all the circumstances of the emergency. Therefore, under the authorities above cited on negligence and proximate cause being a question of fact or law, the question of appellant's driver's negligence was one for the jury under proper instructions.

Appellants' requested instruction No. 4, which was refused by the court, stated in part as follows: "I instruct you that the duty imposed upon the defendant did not require her to use every possible precaution to avoid injury to the plaintiff; nor that the defendant should have employed any particular means, which it may appear after the accident would have avoided it; nor was the defendant required to make accidents impossible. The defendant was only required to use such reasonable precaution to prevent the accident and consequent injury as would have been adopted by ordinarily prudent persons under the circumstances as they appeared prior to the accident. . . . " The remainder of the instruction stated a rule on foreseeability, which had been covered by other instructions given to the jury, concerning which no error is alleged. But the first part of instruction No. 4 was not covered by any other instruction. Under the facts in this appeal involving the doctrine of sudden peril, this instruction should have been given, and its refusal was error. *Zoludow* v. *Keeshin Motor Express* (1941), 109 Ind. App. 575, 34 N. E. 2d 980. A refusal to give a requested instruction which correctly states the law applicable to the facts in issue is error unless the substance of the requested instruction be covered by other instructions given to the jury. *Pittsburgh, C. C. & St. L. R. Co.* v.

*Cottman* (1913), 52 Ind. App. 661, 101 N. E. 22; *Lawlor* v. *State ex rel. Shatto* (1913), 53 Ind. App. 24, 99 N. E. 487.

The appellants alleged the court erred in refusing to give their requested instruction No. 6. In substance, it set out the law of the road, which had been covered by other instructions, but the instruction concluded with the statement that a violation of the law of the road was negligence, "and if by reason of such negligence his own vehicle collides with another vehicle to the injury of the driver of such other vehicle, then he is liable for such injury." The instruction omits the requirement that the driver of the other vehicle be free from contributory negligence to recover, and, therefore, it was properly refused. *Nickey* v. *Steuder* (1905), 164 Ind. 189, 73 N. E. 117.

The appellants are not now in a position to assert reversible error on account of the voir dire examination of the jury, examination of witnesses, and argument to the jury. There was no evidence of bad faith on the part of counsel for appellee on the voir dire examination by asking questions of the prospective jurors concerning an insurance carrier. *King* v. *Ransburg* (1942), 111 Ind. App. 523, 533, 39 N. E. 2d 822, 40 N. E. 2d 999, and cases therein cited. Without objection the witnesses Kenneth Horney and H. P. Bray detailed facts from which any reasonable juror would have inferred that the appellants were insured. See *Jones* v. *Cary*, (1941), 219 Ind. 268, 37 N. E. 2d 944, *supra*. The facts do not present a case where the appellee was permitted to get the appellants into a "dying condition and then expect the court to revive" them by instructions. *Martin* v. *Lilly* (1919), 188 Ind. 139, 146, 121 N. E. 443. This court in *Ramseyer* v. *Dennis* (1917), 187 Ind. 420, 440, 116 N. E. 417, 119 N. E. 716, laid down the procedure which must be fol-

lowed if appellants were to reserve any question for review. They were required: "(1) To promptly interpose and state their objection, if reasonably required, to the objectionable language or argument, and request the court to so instruct the jury as to counteract any harmful effect of such language or argument, and if granted, and such instruction was not sufficient to cure the error, follow such action by a motion to have the submission set aside; (2) to promptly object to the improper language or argument of counsel, and move to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter. . . . " See also *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N. E. 664, 12 Am. St. 409; *Staser* v. *Hogan* (1889), 120 Ind. 207, 222, 21 N. E. 911, 22 N. E. 990; *Dehler* v. *State ex rel. Bierck* (1899), 22 Ind. App. 383, 53 N. E. 850. We cannot permit litigants to gamble on the possibility of a favorable verdict, and after an adverse verdict has been returned set it aside on appeal when the losing parties failed to move that the submission be set aside when the alleged error occurred.

Judgment reversed and new trial ordered.

Young, J. Concurs with an opinion.

Starr, C. J. Concurs in opinion by Young, J.

### CONCURRING OPINION

YOUNG, J.—I concur in the result reached in the prevailing opinion in this case. I think the judgment should be reversed and a new trial granted because of error in refusing to give instruction number 4 requested by appellant. I cannot agree, however, with that portion of the prevailing opinion which holds that the only reasonable inference to be drawn from the conduct of appellee and the facts appearing in this appeal is that his negligence was a proximate cause of the collision as a matter

of law. I think that reasonable men might differ about this and that whether or not, under all the facts in the case, appellee's conduct in getting 18 to 24 inches to the left of the center of the road for a few seconds was a proximate cause of the injury is for the jury to decide. *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944, which is cited in the prevailing opinion, is distinguishable from the case before us. In *Jones* v. *Cary, supra,* the appellants drove to the left and on to the left hand side of the road and the accident occurred upon their left hand side of the road. In the situation before us, however, the appellee was on his right side of the road at the time of the collision and the appellants were on their wrong side of the road at the time of their collision. Under such circumstances, I think the question of proximate cause should be left to the jury and this court should not weigh the evidence and decide that question.

Starr, C. J., concurs in this opinion.

NOTE.—Reported in 85 N. E. 2d 629.