LARKINS *v.* KOHLMEYER.

[No. 28,787. Filed May 23, 1951.]

392

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, for appellant.

*McDonald & McDonald,* of Princeton; and *John H. Jennings* (of counsel), of Evansville, for appellee.

DRAPER, J.—Action by appellee against appellant to recover damages for personal injuries sustained in an automobile accident. Verdict for $3,000.00, motion for new trial overruled, and error assigned in the overruling thereof.

The evidence is sharply conflicting. That most favorable to the appellee discloses that he was standing on the northwest corner of the intersection of Main Street and Broadway in the business district of Princeton, Indiana, in the daytime. When the light turned green for traffic going north and south, he started to walk south across Broadway on the west side of Main Street. The appellant, who was driving an automobile south on Main, also entered the intersection from the north on

the green light. He was proceeding at the rate of 25 miles per hour and made a right-hand turn. At a point in the cross-walk area some 8 or 10 feet south of the north curb the appellee was struck by the front bumper. He was knocked about 20 feet. The appellant did not sound his horn at any time. He testified he did not see the appellee before he struck him, and the appellee testified he did not see the automobile before he was struck.

It is asserted that the appellee was guilty of contributory negligence as a matter of law. The question of contributory negligence is ordinarily one for the jury. It is always so where the facts are in dispute, or reasonable men could fairly draw different inferences from undisputed facts. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629, and authorities therein cited. The appellant says the appellee was negligent in stepping from the curb into the path of the automobile without looking in the direction from which it was approaching, although it was in plain view. Knowing, as we do, that the appellee was progressing at an ordinary gait on foot, and assuming, as we must, that the automobile was travelling 25 miles per hour, it is apparent that the appellee could not have suddenly stepped into the path of the automobile. Even if the appellee had looked and seen the automobile coming up behind him when he stepped from the curb, he could not know that he was entering that part of the street which the driver of the automobile intended to occupy, for he had no way of knowing the automobile would turn right into Broadway.

It was the appellant's duty to anticipate that a pedestrian might be attempting to walk south across the street on the green light, and it was his duty to see and know whether there was a pedestrian in his path in broad daylight. *Fields* v. *Hahn*

(1945), 115 Ind. App. 365, 57 N. E. 2d 955. The appellee had the right to assume that a driver would be keeping a lookout sufficient for that purpose. In the absence of knowledge to the contrary, he was not required to anticipate that the appellant would drive into the intersection at an unlawful speed, and would make a right hand turn without any warning of his intention so to do, and that he would fail to yield the right of way to a pedestrian lawfully within the intersection, all as required by statute. *Rentschler* v. *Hall* (1947), 117 Ind. App. 255, 69 N. E. 2d 619.

Assuming, however, that the appellee was negligent in failing to keep a sufficient lookout for vehicular traffic, it was still for the jury to say whether such negligence was a contributing cause of his injuries, or, in other words, whether his negligence was *contributory* negligence. *King* v. *Ransburg* (1942), 111 Ind. App. 523, 39 N. E. 2d 822, 40 N. E. 2d 999. If, while crossing the street, the appellee had looked to his left and had seen the car rounding the corner at 25 miles per hour, it is problematical whether he could have dodged it, and it is apparent he could have avoided injury in no other way, for the appellant never saw him at any time. We think the question of contributory negligence was clearly one for the jury in this case.

Burns' 1940 Replacement, § 47-2023 (a) provides that:

"No person shall . . . turn a vehicle from a direct course on a highway unless and until such movement can be made with reasonable safety, and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement . . ."

Burns' 1940 Replacement (1949 Supp.), § 47-1905 provides that:

"Whenever traffic is controlled by traffic control signals . . . exhibiting different colored lights successively, the following colors only shall be used and said . . . lights shall indicate and apply to drivers of vehicles and pedestrians as follows:

"(a) Green alone or green accompanied by the word 'Go':

"(1) Vehicular traffic facing the signal . . . may proceed straight through or turn right . . . But vehicular traffic shall yield right-of-way . . . to pedestrians lawfully within a crosswalk at the intersection at the time such signal is exhibited.

"(2) Pedestrians facing the signal may proceed across the roadway within any marked or unmarked crosswalk."

In separate instructions the jury was told that the violation of these statutes constituted negligence as a matter of law. The instructions were similarly worded, and since the law has equal application to each, we shall quote and discuss but one of them.

Instruction No. 1 reads as follows:

"You are instructed that at all times complained of in plaintiff's complaint there was a statute of the State of Indiana in full force and effect and binding upon the parties, which provided in part as follows:

" 'No person shall . . . turn a vehicle from a direct course on a highway unless and until such movement can be made with reasonable safety, and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement.'

"So in this case if you find from a fair preponderance of the evidence that the defendant violated the provisions of this statute, he was guilty of negligence as a matter of law and if you further find from a fair preponderance of the evidence that the defendant's violation of this statute, if any, proximately caused the plaintiff's injury and resulting damages, if any, without fault or negligence on the part of the plaintiff, then under such

circumstances, if any, your verdict must be for the plaintiff Fred Kohlmeyer."

The appellant objected to the instruction for several reasons, the one now urged being that the violation of the statutes above quoted would amount only to *prima facie* evidence of negligence, which is subject to rebuttal; that the statutes do not create or impose a positive duty, and consequently the violation of them does not and cannot constitute negligence as a matter of law. He takes the position that neither of the statutes above referred to create an absolute and conclusive duty, the technical violation of which would not be subject to excuse, and says that under the record in this cause there was ample evidence which would excuse such a violation and, therefore, the violation of those statutory regulations could in this case amount only to *prima facie* evidence of negligence.

Generally speaking, the violation of a statute prohibiting a particular act or requiring a particular precaution is negligence as a matter of law. It has long been the rule in this state that "Where a standard of duty is fixed, and its measure defined by law, the omission of that duty is negligence *per se*," *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 600, 106 N. E. 365, 368, when the duty was owed to the person injured through the violation thereof.

It is recognized, however, that prudence sometimes requires the doing of an act which would otherwise be a violation of the "law of the road," and liability therefor may sometimes be avoided by showing that under the circumstances of the particular case the violation was justifiable or excusable. This is on the theory that statutes of the kind under consideration are to be reasonably construed, and that a statutory duty may be modified by the peculiar circum-

stances of a particular case. 65 C. J. S., Negligence, § 19h, p. 426. The Appellate Court stated the rule in *Conder* v. *Griffith* (1916), 61 Ind. App. 218, 111 N. E. 816, in the following language:

> "(T)he general rule is that the violation of a statute or ordinance which is the proximate cause of an injury is negligence *per se*. . . . While the general rule is as above stated, and the violation of such statute or ordinance is *prima facie* negligence *per se,* nevertheless there may be facts and circumstances which will excuse a technical violation of an ordinance or statute and render it improper for the court to declare as a matter of law that such violation constitutes actionable negligence. It may be said that facts which will excuse such technical violation must result from causes or things beyond the control of the person charged with the violation. In such instances there may or may not be actionable negligence and it is a question of fact, to be determined by the court or jury trying the case, from all the facts and circumstances shown by the evidence, (1) whether there was a sufficient and reasonable excuse for such violation, and (2) whether in doing, or omitting the act complained of, the defendant was in fact guilty of actionable negligence. We do not find any direct authority for so stating the foregoing exception to the general rule that the violation of a statute, or ordinance resulting in an injury, is negligence *per se,* but reasoning by analogy, and on principle, such exception should be recognized, is reasonable, and tends to promote justice and the practical enforcement of the spirit and purpose of the statutes and ordinances to which reference is made. Such ordinances and statutes as the one now under consideration should receive a reasonable construction consistent with the purpose of their enactment and the practical difficulties that arise in their application to particular cases."

The case has been cited with approval by the Appellate Court and has received the sanction of this court. *Rentschler* v. *Hall, supra; Standard Oil Co.* v. *Handley*

(1920), 72 Ind. App. 172, 123 N. E. 219; *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; *Northern Indiana Transit* v. *Burk* (1950), 228 Ind. 162, 89 N. E. 2d 905.

The rule was well stated in *Bush* v. *Harvey Transfer Co.* (1946), 146 Ohio St. 657, 664, 67 N. E. 2d 851, 855, as follows:

> "A legal excuse, precluding liability for injuries resulting from the failure to comply with the statutory requirements respecting the operation of a motor vehicle on the public highways, must be something that would make it *impossible* to comply with the statute, something over which the driver has no control, an emergency not of the driver's making causing failure to obey the statute, or an excuse or exception specifically provided in the statute itself."

Thus it may be said that where one has violated the provisions of a statute or ordinance in the operation of an automobile on a public highway, he is guilty of negligence as a matter of law unless the evidence discloses that compliance was impossible or non-compliance was excusable because of circumstances resulting from causes or things beyond his control, and in no way produced by his own negligence, or his conduct comes within an excuse or exception specifically provided in the statute itself. It follows that whether conduct violative of the provisions of the statute is negligent conduct may sometimes be a question for the jury to determine. When there is evidence that a statute governing the operation of motor vehicles has been violated under circumstances mentioned in the rule above stated, such violation becomes, in effect, nothing more than *prima facie* evidence of negligence, subject to being overcome by proof to the contrary, and the jury should be so instructed. The duty of coming

forward with evidence to sustain such a defense is upon the operator of the vehicle. *Northern Indiana Transit* v. *Burk, supra.* In such cases we think it would be proper to instruct the jury that if they find from a fair preponderance of the evidence that the defendant violated the provisions of the statute, he was guilty of negligence, unless they further find from a fair preponderance of the evidence that compliance was impossible or non-compliance was excusable under the rule above stated.

It is not error to instruct the jury that the violation of a statute is negligence *per se,* or negligence as a matter of law, when there is no evidence or permissible inference of any fact or facts which would tend to excuse such conduct. *Northern Indiana Transit* v. *Burk, supra; Hancock Truck Lines* v. *Butcher* (1950), 229 Ind. 36, 94 N. E. 2d 537; *Gamble* v. *Lewis, supra.* In *Northern Indiana Transit* v. *Burk, supra,* the court instructed the jury that the violation of a certain statute concerning the manner of stopping or parking a motor vehicle constituted negligence. We there said:

> "Although this latter instruction would have been error if there were any facts in evidence showing an excuse for non-compliance with the statutory directions as to stopping or parking, no excuse is shown by the evidence in this case. Therefore, under the facts in this appeal stopping the bus in violation of the statute became negligence as a matter of law."

It should be borne in mind, of course, that some statutes define duties which are positive and which remain the same under all circumstances, the breach of which are not excusable in any case. We are not here concerned with any such.

It was the theory of the appellant's defense that he violated no statute. The evidence adduced by him would, if credited, be sufficient to establish that as a fact. But the jury apparently concluded, as it had a right to do under the evidence, that the appellant did violate some or all of the provisions of the statutes above referred to. We find no evidence in the record from which it could be found or logically inferred that the appellant was justified in so doing under the rule above stated. The evidence upon which the appellant relies for that purpose might be sufficient to support a finding that the appellee was guilty of contributory negligence. It could not be said to show an excuse or justification for the violation of a statute which, so far as any of the appellant's evidence is concerned, was never violated. There was no error in giving these instructions.

In another instruction the court quoted § 47-2004 (c)-(1), Burns' 1940 Replacement, which provides that a speed in excess of 20 miles per hour in any business district shall be *prima facie* evidence that such speed is not reasonable or prudent, and that it is unlawful. The instruction then told the jury that proof of speed in excess of that rate would be *prima facie* evidence that such speed was unlawful and *could* constitute negligence. The jury was further told that if they found that the defendant was operating a vehicle in the business district at a rate of speed in excess of 20 miles per hour *and that such conduct constituted negligence,* and if they further found that such negligence, if any, proximately caused the injury and resulting damage, if any, without fault or negligence on the part of the plaintiff, then under such circumstances their verdict must be for the plaintiff.

We consider the instruction accurate, at least so far as it goes. If the appellant desired a more complete

instruction, he should have tendered one. *Chicago, etc., R. Co.* v. *Hamerick* (1912), 50 Ind. App. 425, 96 N. E. 649; *Jackson Hill Coal Co.* v. *Van Hentenryck* (1918), 69 Ind. App. 142, 120 N. E. 664; *McKinnon* v. *Parrill* (1942), 111 Ind. App. 343, 38 N. E. 2d 1008. There was ample evidence from which the jury could infer the accident occurred in a business district.

The trial court instructed the jury concerning the plaintiff's right to recover under circumstances where the evidence shows that the plaintiff has suffered the increase or aggravation of an existing physical impairment or condition. The instruction is criticized on the ground there was no evidence of an aggravation of any existing injury or condition of health. The appellant introduced evidence that the appellee had been previously injured, apparently for the purpose of showing that his present physical condition was due to the former injury. A doctor produced by appellant had examined the plaintiff several years before this accident occurred. He detailed the physical impairments he then discovered, and further testified without objection that if a man in that condition were struck by an automobile under the circumstances of this case, such a blow could increase and augment the condition he had found. We think the instruction was not outside the evidence.

Appellant says the damages assessed are excessive. To warrant a reversal on this ground it must appear that the verdict was so grossly and outrageously excessive as to induce the belief that it was the result of prejudice, partiality or corruption. *Swallow Coach Lines, Inc., et al.* v. *Cosgrove* (1938), 214 Ind. 532, 15 N. E. 2d 92. The record before us would not justify a reversal on that ground.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 2d 896.