THOMPSON *v.* ASHBA.

[No. 18,177. Filed December 26, 1951.]

*Joe W. Lowdermilk,* of Sullivan; *Emison & Emison* and *John Rabb Emison,* all of Vincennes, for appellant.

*Thomas J. Gallagher,* of Sullivan, for appellee.

ACHOR, J.—This was an action for damages for personal injuries sustained by appellee. The essential facts in the case, as supported by evidence most favorable to the appellee, are as follows:

The appellant was operating an automobile east on East Jackson Street in the residential section of the city of Sullivan, Indiana, at a speed of "about 40 to 45 miles per hour." There were two trucks parked on the south side of the street at the point of collision. The appellee, a child three years of .age, "hurried" from between said trucks on the south side of said street, across said street toward the north side thereof. He was struck by the appellant while so crossing the street. The street was "about 30 feet wide" and wide

enough for two cars to pass on the north side of said parked trucks. Appellant drove his automobile to the left of said trucks "in the center of the street measuring from the north side of the parked cars over to the north curb" and "about two or three feet" from the north curb. The appellant "set his brakes and travelled 35 to 40 feet" before the impact; "as soon as he hit the boy he stopped right then." The boy "just rolled over to the north curb" and "laid still." "When the car came to a stop the child was laying about three feet in front of it."

The verdict was for $22,500.00. After a remittitur of $7,500.00 judgment was for $15,000.00.

Among the errors assigned were the giving of the court's instructions numbered 6 and 8 over the objection of the defendant. Because of the decision reached by this court it is unnecessary to consider the other errors assigned. After considering the principles set forth in this opinion it is not likely that any error, if any contained therein, will be repeated.

The court's instruction numbered 6 was as follows:

"Persons operating motor vehicles on the public highways are entitled to rely on other persons using reasonable and ordinary care for their own safety. In the case of children, however, the law does not require, and adult persons may not expect, the same discretion for their own safety as in the case of older persons.

"Children must be expected to act upon childish instincts and impulses, and others, who are charged with duty of care and caution towards them, must calculate upon this and take precautions accordingly. Therefore, greater care is required to avoid injuries to children of tender years than to persons who have reached the age of discretion.

"This does not mean, however, that every adult who is instrumental in causing an injury to a child is liable in damages therefor. Even though an

adult may know of the presence of children or be chargeable with knowledge of the probability of their presence, yet if he acts with the reasonable and ordinary care demanded by the circumstances and such knowledge, he is not liable even though he may be instrumental in causing a child's injury, because in such case he would not be negligent."

Defendant's objections to the court's instruction No. 6 are as follows:

"(a)    Instruction No. 6 of the Court's instructions which the Court has indicated will be given of its own motion is erroneous and misleading in that it tells the jury that there are degrees of care required to avoid injuries to children of tender years, whereas there are no degrees of care, but it is due care under the circumstances and one of the circumstances is that a child of tender years is involved.

"(b)    The Court also makes a comparison in the instruction that there is a greater care required to avoid injury to children of tender years than to persons who have reached the age of discretion."

That portion of the instruction to which the appellant objects is as follows:

"Therefore, greater care is required to avoid injuries to children of tender years than to persons who have reached the age of discretion."

There are no degrees of negligence in the State of Indiana, neither are there degrees of care. The law upon this subject has been stated as follows:

"If there can be no degrees of negligence, it must follow that there can be no degrees of duty. Duty is an absolute term. The law requires nothing more than duty; it will excuse nothing less.

"The use of such terms as 'slight care,' 'great care,' 'highest degree of care,' or other like expressions in instructions as indicating the quantum

of care the law exacts under special conditions and circumstances, is misleading, and when so used they constitute an invasion of the province of the jury, whose function it is to determine what amount of care is required to measure up to the duty imposed by law under the facts of the particular case. The law imposes but one duty in such cases, and that duty is the duty to use due care." *Union Traction Co.* v. *Berry* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737.

The care required varies with each case, with each set of facts; an instruction on the quantum of care invades the province of the jury. *Jones et al.* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; *Union Traction Co. of Indiana* v. *Berry, supra;* *Elder* v. *Rutledge* (1940), 217 Ind. 459, 27 N. E. 2d 358.

The court's instruction No. 8, the giving of which appellant has assigned as error, is as follows:

"There is a Statute in the State of Indiana which was in full force and effect on the date involved in this case, which provides that upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway. The Statute makes certain exceptions which are not applicable in this case.

"The fact, if it be a fact, that the defendant in this case was driving on the left side of the street at the time of the collision with plaintiff would not of itself justify a verdict for plaintiff, unless you find further by a preponderance of the evidence that said fact was a proximate cause of plaintiff's injury and damage."

Appellant's objections to the court's instruction No. 8 are as follows:

"(a) The Court by Instruction No. 8 states to the jury that exceptions in the Statute requiring a vehicle to be driven upon the right half of the

roadway are not applicable to this case, which is an invasion of the province of the jury in that it deprives the jury of the right to determine whether or not the defendant Thompson in crossing the center of Jackson Street was guilty of negligence under the circumstances then existing, in view of the fact that he was approaching and overtaking two trucks that were parked on said street to his right at the time that he was over the center line.

"(b)   It is an invasion of the province of the jury to determine whether the act of the defendant Thompson was negligence, in that the jury had a right to determine from the evidence whether Thompson was negligent in the distance he drove his automobile to the north, or to the left of said parked trucks in view of the fact that someone might have opened the door on the north side of one or both of the trucks attempting to alight and Thompson had the right to take that into consideration in determining the distance between the car he was driving and said trucks; that it submits to the jury an issue not within the issues of the case, as there is no act of negligence charged in the complaint against the defendant by reason of his driving to the left of the center of Jackson Street."

The court, in another instruction, had instructed the jury as follows:

"Also, the violation of a statute or ordinance is negligence; this is called negligence per se, that is, in and of itself."

Taking the instructions as a whole, the effect of the court's instruction numbered 8 was to tell the jury that by driving upon the left side of the highway the appellant was guilty of negligence as a matter of law; that therefore, in order for appellee to recover, he need only prove that the injury was the proximate result of his being struck by the appellant while the latter was driving upon the left side of the highway.

The law, on the subject of negligence per se has recently been stated by the Honorable Floyd S. Draper of the Indiana Supreme Court in the case of *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896, at page 400, as follows:

"Thus it may be said that where one has violated the provisions of a statute or ordinance in the operation of an automobile on a public highway, he is guilty of negligence as a matter of law unless the evidence discloses that compliance was impossible or non-compliance excusable because of circumstances resulting from causes or things beyond his control, and in no way produced by his own negligence, or his conduct comes within an excuse or exception specifically provided in the statute itself. It follows that whether conduct violative of the provisions of the statute is negligent conduct may sometimes be a question for the jury to determine. *When there is evidence that a statute governing the operation of motor vehicles has been violated under circumstances mentioned in the rule above stated, such violation becomes, in effect, nothing more than prima facie evidence of negligence,* subject to being overcome by proof to the contrary, *and the jury should be so instructed.*" (Our italics.) See also *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 98 N. E. 2d 200 and *Northern Indiana Transit* v. *Burk* (1950), 228 Ind. 162, 89 N. E. 2d 905.

Appellant was confronted with the following circumstances: Two trucks were parked on the right side of the street at an unspecified distance from the curb. This fact alone made it necessary that part of his car be driven on the left side of the street if he were to use the street at all. This presented a "circumstance . . . beyond his control."

Appellant was also confronted with the possibility that persons might open the doors and alight from the left (driver's) side of said trucks into the center of

the street, and that there were no persons in the street, nor vehicles approaching from the opposite direction, which would occupy the left side of the street.

Other circumstances with which appellant was confronted were the fact that small children were playing at or near the curb on each side of the street; that appellant's view of the child at the south curb was obstructed as he approached the parked trucks; that this child (the appellant at the age of three years) "hurried" into the street from between said two parked trucks on the right side of the street, directly into the path of appellant's automobile.

Under the above circumstances, appellant's "excuse for non-compliance" with the statute was a necessary and proper matter for the jury to determine. As stated in the case of *Larkins* v. *Kohlmeyer, supra,* violation of the statute could be "nothing more than *prima facie evidence of negligence,* subject to being overcome by proof to the contrary and *the jury should be so instructed."* Failure to instruct the jury was error.

Appellant also objected to the instruction because the issue of driving on the left side of the highway was not an allegation of negligence in appellee's complaint. Inasmuch as this error will probably not reoccur on retrial, we will not consider either the error nor the sufficiency of appellant's argument relative thereto.

Judgment reversed, with instructions for the trial court to grant appellant's motion for new trial.

NOTE.—Reported in 102 N. E. 2d 519.