FREEPORT MOTOR CASUALTY CO. ET AL. *v.* CHAFIN

[No. 19,187. Filed December 16, 1960.]

*Paul W. Kelley* and *Kelley, Arnold & Kelley,* of Anderson, for appellants.

*Wayne O. Wimmer,* of Elwood, for appellee.

.MYERS, J.—This appeal is the result of an action brought by appellant Freeport Motor Casualty Company as subrogee to the rights of named appellant Ashby, against appellee Chafin, for property damages arising out of an automobile collision.

It was stipulated that the accident occurred on January 5, 1954, at 6:05 a.m., while Ashby, of Chesterfield, Indiana, was driving north on State Road 9, and appellee Chafin, of Alexandria, Indiana, was traveling south on the same road, at a portion of the highway approximately three and one-half miles south of the intersection of State Road 128.

It was further stipulated that the Casualty Company was subrogated to the rights of Ashby, pursuant to a certain policy of insurance on the Ashby car wherein the Casualty Company had paid $391.71 in accordance with the terms of that policy. The damage to appellee's car was stipulated to be in the sum of $325.

The complaint alleged that while Ashby was driving

his car northward at the above time and place, appellee's car negligently skidded on ice, sliding directly in front of Ashby's approaching automobile, thus causing the collision. Negligent conduct was stated as being appellee's failure to have his car under control, operating his vehicle on the left side of the roadway into the path of Ashby's car, and failing to maintain a proper lookout for those who were lawfully using the highway. Damages were asked in the sum of $391.71.

Appellee filed a paragraph of answer amounting to a general denial, and a second paragraph in which he asked the court to make Ashby a party plaintiff to the action. This was approved by the court, summons was issued, and Ashby was duly brought into the litigation as a necessary party.

Appellee then filed an amended counterclaim in which he claimed that the collision was caused by negligence on the part of Ashby, which was alleged as follows: That Ashby was driving at a speed which was greater than was reasonable and prudent under the circumstances in view of the icy and slippery condition of the road, to-wit: thirty-five miles per hour; that he failed to apply his brakes; that he failed to keep his car under control; that he saw appellee and his place of peril in time to stop or change the course of his car in order to avoid striking appellee's car. Damages were asked in the sum of $500.

The issues were formed when appellants filed separate answers generally denying the allegations contained in the amended counterclaim. The cause was submitted for trial to the court without a jury. Findings and judgment were entered in favor of appellants upon appellee's cross-complaint, and in favor of appellee upon appellants' complaint, with costs taxed against appellants. A motion for a new trial was duly filed by appel-

lant Casualty Company, stating that the finding of the court was not sustained by sufficient evidence and was contrary to law. This motion was overruled, and from that action appellant Casualty Company appeals. Appellee made no attempt to appeal from the judgment against him.

The evidence most favorable to appellee reveals that on January 5, 1954, at approximately 6:05 a.m., Ashby was driving his automobile in a northerly direction on State Road No. 9 at a place approximately three and one-half miles south of Alexandria, Indiana. This was a two-lane roadway with traffic going in both directions. At that particular stretch it was covered with ice. There was testimony that: "It was so slick you could not even stand up, on foot." Snow had fallen previously and was lying on the ground. There was conflicting evidence as to whether or not it was snowing at the time. Cars on the road had their lights on, although with the arrival of morning it was not altogether dark, but "dingy."

At this time and place appellee was driving in a southerly direction on the highway, at a speed of between twenty and twenty-five miles per hour. Suddenly his automobile started to slide on the ice. He attempted to correct it without avail. It slid to the left, with the rear end spinning around in a half-circle into the other lane of the highway directly in front of Ashby's vehicle. There was a collision, with the front end of Ashby's car being hit squarely in the center grill by the right rear end of appellee's car. The liability for the damages done to the two vehicles is the subject-matter of this lawsuit.

Ashby testified that when he saw appellee's car sliding toward him he put on the brakes, but started to skid and released them. He was asked: "Is there any-

thing which you could have done to avoid this accident, which you did not do?" His answer was: "No, sir; there was nothing."

This was a negative judgment in that appellant Casualty Company was denied recovery on the basis of its complaint. Therefore the specification of error in the motion for new trial, that the decision of the court was not sustained by sufficient evidence, is not available. We must proceed on the only other specification of error, that the decision is contrary to law. *Ruegamer* v. *Haynes Stellite Company* (1960), 130 Ind. App. 695, 167 N. E. 2d 725; *Von Cline* v. *Cline, Admrx.* (1960), 130 Ind. App. 473, 165 N. E. 2d 608.

Appellant Casualty Company argues that at the time of the accident there were two Indiana statutes in effect pertaining to rules of the road requiring drivers to drive their vehicles on the right side of the highway; that appellee violated both of these statutes; that such violation was *prima facie* evidence of negligence on the part of appellee, which was not rebutted. Appellants further contend that appellee was under a duty to come forward with evidence to excuse himself from compliance with the statutes, which he failed to do; that skidding on ice is not a justifiable excuse for noncompliance with the statute; that such skidding was the proximate cause of the accident and the resulting damage.

Appellee argues that the sudden skidding of his automobile in and of itself, alone and unexplained and unattended by prior acts or omissions on his part, did not constitute negligence, and was a valid excuse or justification for being in Ashby's lane of traffic contrary to the statute.

The two statutes referred to in appellant's argument read as follows:

"Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows:

"1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

"2. When the right half of a roadway is closed to traffic while under construction or repair;

"3. Upon a roadway divided into three [3] marked lanes for traffic under the rules applicable thereon; or

"4. Upon a roadway designated and sign-posted for one-way traffic." Section 47-2010, Burns' 1952 Repl.

"Drivers of vehicles proceeding in opposite directions shall pass each other to the right and upon roadways having width for not more than one [1] line of traffic in each direction, each driver shall give to the other at least one-half [½] of the main traveled portion of the roadway as nearly as possible." Section 47-2011, Burns' 1952 Repl.

There was a conflict in the evidence. It was not clear whether or not it was snowing at the time of the accident. There was testimony that Ashby and appellee met the evening following the accident and had a conversation, but there was a dispute as to where they met and what was said. There was conflicting testimony about the rate of speed at which Ashby was traveling at the time of the accident. Ashby said he was proceeding at either twenty or twenty-five miles per hour, while a witness for appellee stated Ashby was going thirty-five miles per hour. Under these circumstances, this court cannot weigh the evidence, but must consider that evidence most favorable to the appellee herein. *Deep Vein Coal Co.* v. *Dowdle* (1946), 224 Ind. 244, 66 N. E. 2d 598.

It is true that a violation of §§47-2010 and 47-2011 is *prima facie* evidence of negligence. *Gamble* v. *Lewis*

(1949), 227 Ind. 455, 85 N. E. 2d 629; *Hancock Truck Lines* v. *Butcher* (1950), 229 Ind. 36, 94 N. E. 2d 537. However, if the evidence discloses a compliance or noncompliance with the terms of the statute was impossible because of circumstances beyond the control of the one charged with violating the statute, and there is no evidence of negligence on his part, such provides a legal excuse, precluding liability for injuries resulting from the failure to comply with the statute. *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896; *Thompson* v. *Ashba* (1951), 122 Ind. App. 58, 102 N. E. 2d 519. Such proof overcomes the *prima facie* evidence of negligence. This is a question of fact which should be presented to a jury or to the court as the trier of facts. *Thompson* v. *Ashba, supra.* In *Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 713, 54 N. E. 2d 108, 118, this court said:

> "We think, without doubt, the sudden skidding of an automobile, in and of itself and unattended by prior negligence from which such skidding proximately results, does not constitute negligence."

We find from the evidence herein, together with all reasonable inferences deducible therefrom, that the court could have found that the icy condition of the road was a circumstance over which appellee had no control when his motor vehicle started to slide, and that there was no evidence that appellee took any action, or failed or omitted to take any action, which would constitute negligence on his part. From the evidence, the court could have reasonably found such a set of facts as would legally excuse appellee from liability in failing to comply with the terms of the statute.

Furthermore, the evidence showed that Ashby could

have been traveling at a speed of thirty-five miles per hour over the ice-covered road; that he did not ▇▇ pull his car onto the berm when he saw the other car coming at him; that he attempted to put on his brakes and then released them just prior to the collision. All of this could have been considered by the trial court as acts of negligence on the part of Ashby. At that time, the law in Indiana required a plaintiff in a suit for damages to property to plead and prove that he was free from contributory negligence. In the absence of such proof, there could be no recovery. *Rhea* v. *Sawyer* (1913), 54 Ind. App. 512, 102 N. E. 52. Thus, even though the court found *prima facie* evidence of negligence on the part of appellee without legal excuse, it still would have been justified in entering a judgment favorable to appellee.

Judgment affirmed.

Ax, C. J., and Cooper and Ryan, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 819.