CARBON, SPECIAL ADMINISTRATOR *v.* JOHNSON, ADMINISTRATOR.

[No. 20,483. Filed July 20, 1967. Rehearing denied August 17, 1967. Transfer denied November 16, 1967.]

*Cox, Zwerner, Gambill & Sullivan,* of Terre Haute, for appellant.

*Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for appellee.

PFAFF, C.J.—On August 10, 1963, the appellee's decedent, Ocy Collier, was operating her vehicle in a westerly direction on U. S. Highway No. 36 when her vehicle collided with the vehicle of appellant's decedent, Stanley Garrett, which was being operated in an easterly direction.

The evidence shows that neither the appellant's decedent nor the appellee's decedent was carrying any passengers at the time of the collision and no one witnessed the collision. The evidence further shows that the collision occurred at a point on U. S. Highway No. 36, approximately one mile east of its intersection with State Road No. 71. U. S. Highway No. 36, at the scene of the collision and for some miles west thereof, was a straight, level, two lane highway providing one lane for west bound traffic and one lane for east bound traffic.

Photographs were taken at the scene of the accident and introduced into evidence at the trial without objection. The photographs depicted skid marks from all four wheels of the appellee's decedent's vehicle, but failed to portray any skid marks from the vehicle of the appellant's decedent.

The result of a blood analysis was introduced into evidence and showed that at the time of the accident appellant's decedent had .22% alcohol in his blood system.

The issue of appellant's decedent's negligence was submitted to the jury and out of necessity, the jury had to rely upon the photographs of the skid marks and the damage to both automobiles to determine the question of liability. Based upon the evidence, the jury returned a verdict in favor of the appellee, Luther G. Johnson, in the amount of $27,500.00. It is from this verdict that this appeal arises.

The appellant alleges in his assignment of errors that the trial court erred in overruling his motion for a new trial. More specifically, he contends that the trial court erred in giving appellee's Instruction No. 27 which reads as follows:

"Evidence that there was, at that time, five hundredths per cent (.05%) or less, by weight of alcohol in his blood, is prima facie evidence that the defendant was not under

the influence of intoxicating liquor sufficiently to lessen his driving ability within the meaning of the statutory definitions of the offenses. Evidence that there was, at the time, from five hundredths per cent (.05%) to fifteen hundredths per cent (.15%) by weight of alcohol in his blood is relevant but is not to be given prima facie effect in indicating whether or not the defendant was under the influence of intoxicating liquor within the meaning of this act. Evidence that there was, at the time, fifteen hundredths percent, (.15%) or more, by weight of alcohol in his blood, is prima facie evidence that the defendant was under the influence of intoxicating liquor sufficiently to lessen his driving ability within the meaning of the statutory definitions of the offenses."

Appellant further contends that parts of Burns' Ind. Stat., 1965 Replacement, §§ 47-2001 and 47-2003 are quoted in above said instruction. Section 47-2001, *supra,* makes it a criminal offense to drive under the influence of intoxicating liquor while Section 47-2003, *supra,* states the presumptive weight to be given to the results of a blood analysis as evidence of the crime of driving under the influence of intoxicating liquor. The appellant argues that the inclusion of these criminal statutes injected a wholly extraneous and highly prejudicial criminal element into this civil cause which would confuse and prejudice the jury.

It is well settled that technical errors in instructions are harmless and will not cause a reversal where the interests of the complaining party have not been prejudiced thereby. 2 I.L.E., *Appeals,* § 627, p. 657. *Engle* v. *Cleveland, etc., R. Co.* (1925), 197 Ind. 263, 149 N. E. 643. *Indiana Union Traction Co.* v. *Maher* (1911), 176 Ind. 289, 95 N. E. 1012. *The M. S. Huey Co.,* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996.

It is the opinion of this court that the interests of the appellant were not prejudiced by the giving of appellee's Instruction No. 27. Even if the appellant's interests were prejudiced by the giving of said instruction, the defect, if any, was cured and all prejudice eliminated by the giving of ap-

pellee's Instruction No. 5 and appellant's Instruction No. 16, which read as follows:

"Appellee's Instruction No. 5.

"If you find from the evidence that defendant's decedent, Stanley Garrett, was intoxicated, or under the influence of intoxicating liquor at the time of the collision and death alleged in plaintiff's complaint, and that, by reason of such intoxication or influence of intoxicating liquor, Stanley Garrett failed to exercise the care and caution that an ordinarily prudent, sober person would exercise, under like or similar circumstances, and that the failure to exercise that degree of care proximately caused the death of Ocy Collier, then such action on the part of Stanley Garrett would constitute negligence."

"Appellant's Instruction No. 16.

"You are instructed that Luther Johnson, Administrator of the Estate of Ocy Collier, deceased, cannot recover damages because of a violation by Stanley Garrett, deceased, of a statute of the State of Indiana, unless such violation is found to constitute negligence and unless such negligence, if any, is found to be a proximate cause of the collision and resulting death of Ocy Collier, deceased."

The appellant further alleges that the trial court erred when it permitted the admission into evidence of the results of an alcoholic content test, made upon a blood sample taken from the appellant's decedent after he had died and without the consent of the decedent's heirs. Appellant contends that the court's action violated the constitutionally guaranteed rights of involving search and seizure and due process of law as respectively set forth in the Fourth and Fourteenth Amendments of the Constitution of the United States and the constitutional right to be secure in his effects as safeguarded by Article I, Section XI of the Indiana Constitution.

A problem similar to the one at bar has recently been discussed in *Ravellette* v. *Smith*, 300 F. 2d 854 (1962), in which the court at page 857 stated:

"The law, frequently expressed, is that the rights guaranteed by the search and seizure provisions of state and fed-

eral Constitutions are personal rights. Davis v. Brooks Transportation Co., D.C., 186 F. Supp 366; Lovette v. United States, 5 Cir., 230 F. 2d 263. Decedent's right, being personal, could not survive his death and cannot validly be urged by plaintiff. . . ."

It is the opinion of this court that the case at bar falls within the ambit of the rule of law as set forth in the *Ravellette* case.

This court having examined the record also finds that appellant was not denied his constitutional right of due process of law by the admission into evidence of the blood test.

The appellant also assigns as error the failure of the trial court to direct a verdict in his favor. He contends that the evidence established that appellee's decedent was guilty of contributory negligence by reason of having violated the provisions of Burns' Ind. Stat., §§ 47-2010, 47-2011 and 47-2015. The evidence referred to by appellant was a photograph which depicted a skid mark supposedly from the appellee's decedent's vehicle one foot across the center line. The above mentioned statutes require drivers to operate their vehicles on the right side of the highway, with certain exceptions.

It is true that a violation of §§ 47-2010 and 47-2011, *supra,* is prima facie evidence of negligence. *Hancock Truck Lines* v. *Butcher* (1950), 229 Ind. 36, 94 N. E. 2d 537. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629. In *Freeport Motor Casualty Co.* v. *Chafin* (1960), 131 Ind. App. 362, 170 N. E. 2d 819, at page 369, this court said:

"However, if the evidence discloses a compliance . . . with the terms of the statute was impossible because of circumstances beyond the control of the one charged with violating the statute, and there is no evidence of negligence on his part, such provides a legal excuse, precluding liability for injuries resulting from the failure to comply with the statute. Larkins v. Kohlmeyer (1951), 229 Ind. 391, 98 N. E. 2d 896; Thompson v. Ashba (1951), 122 Ind. App. 58, 102 N. E. 2d 519. Such proof overcomes the prima facie evidence of negligence. This is a question of fact which should be presented to

a jury or to the court as the trier of facts. Thompson v. Ashba, supra."

We find from the evidence presented by the photographs that the court could have reasonably found such a set of conflicting facts as might legally excuse appellee's decedent from compliance with the terms of the statutes, thus rendering this issue a matter for determination by the jury.

The refusal of the trial court to give appellant's Instructions 10 and 21 also constituted one of his assignments of error.

Appellant's Instruction No. 10 quoted § 47-2010, *supra*, requiring motorists to drive on the right half of the roadway. After quoting said statute, appellant's Instruction No. 10 ended with this admonition:

"If you find that Ocy Collier, deceased, violated this statute without legal excuse, then she was guilty of negligence by such violation."

Appellant's Instruction No. 21 quoted § 47-2011, *supra*, to the effect that:

"[D]rivers of vehicles proceeding in opposite directions shall pass each other to the right and upon roadways having width for not more than one (1) line of traffic in each direction, each driver shall give to the other at least one-half (½) of the main traveled portion of the roadway as nearly as possible."

Said quotation was then followed with this charge:

"If you find that Ocy Collier, deceased, violated this Statute without justification or legal excuse, then she was guilty of negligence by such violation."

It is well settled that unless it was the duty of the court to give the instruction precisely as requested, there is no error in its refusal. *Van Sickle* v. *Kokomo Water Works* (1959), 239 Ind. 612, 201 N. E. 2d 332. *American Motor Car Co.* v. *Robbins* (1913), 181 Ind. 417, 103 N. E. 641. *Fetter* v. *Powers* (1948), 118 Ind. App. 367, 78 N. E. 2d 555.

It is the opinion of this court that the trial court's refusal was correct since both instructions were incomplete. Moreover, neither instruction attempted to explain to the jury the circumstances under which a violation of the said statutes were "justifiable" or what constituted "legal excuse" in relation to the facts at bar. The instructions would have required the jury to be judges of the law which is contrary to our well established principles in civil cases.

The appellant next assigns as error the giving of appellee's Instructions Nos. 4 and 8, which read as follows:

"Appellee's Instruction No. 4.

"If you find from a preponderance of the evidence that the defendant's decedent, Stanley Garrett, was operating his vehicle to the left side of the center line and into the traffic lane reserved for west bound traffic at a time when plaintiff's decedent's automobile was occupying the west bound traffic lane, and that such conduct constituted negligence on the part of Stanley Garrett, then I instruct you that *you* verdict should be for the plaintiff, if you further find from a preponderance of the evidence that such negligence was the sole proximate cause of the death of Ocy Collier and that plaintiff has proved the other material allegations of his complaint by a preponderance of the evidence."

"Appellee's Instruction No. 8.

"If you find from a preponderance of the evidence that plaintiff's decedent, Ocy Collier, was driving west on United States Highway No. 36, and was suddenly confronted with the defendant's decedent's automobile being negligently driven toward her in her lane of traffic, and in dangerous proximity, all without fault on her part, and if you further find from a preponderance of the evidence that by reason of the above facts, Ocy Collier was faced with sudden peril to her life, and faced with a situation that required instant action by her, then I instruct you that the law did not require Ocy Collier to act in such emergency with the same accuracy of judgment that might have resulted had she had time to study and consider the proper action to take. She would in such a situation only be required to exercise the degree of care which any reasonably prudent person suddenly confronted with such an emergency would exhibit."

Appellant states the proposition that it is error to submit an issue to the jury upon which there is no evidence. He further alleges that no evidence was adduced at the trial that appellant's decedent operated his vehicle to the left of the center line and into the traffic lane reserved for west bound traffic at a time when appellee's decedent was occupying the said west bound traffic lane. He also submitted that no evidence was adduced from which it could be inferred that appellee's decedent was confronted with an emergency.

The appellee contends that the photographs taken at the scene of the accident constituted sufficient evidence from which these issues could be deduced.

It is the opinion of this court that the photographs constituted sufficient evidence to merit the giving of appellee's Instructions Nos. 4 and 8.

The refusal to give appellant's Instructions Nos. 1, 2 and 3 was also included in appellant's assignment of errors. The effects of the said instructions are as follow:

"1. Instruction No. 1 sought to remove for lack of evidence the issue of appellant's decedent driving under the influence of alcohol.

"2. Instruction No. 2 would have removed for lack of evidence the issue of appellant's decedent driving to the left of the center of the highway.

"3. Instruction No. 3 would have removed for lack of evidence the issue of Garrett keeping a lookout."

Appellant further argues in support of his contention that the refusal of the trial court to give said instructions had the effect of submitting issues to the jury on which there was no evidence. Since neither party produced eye witness testimony to this occurrence, this court is of the opinion that the photographs constituted sufficient evidence to merit the refusal of these instructions, which if given would have taken these issues from the jury.

No reversible error having been presented, judgment is affirmed.

Judgment affirmed.

Bierly, Cook, Smith, JJ., concur.

NOTE.—Reported in 228 N. E. 2d 52.