STATE EX REL. PRUITT *v.* LAKE CIRCUIT COURT, KAUL, JUDGE.

[No. 30,582. Filed September 29, 1964.]

*F. Lawrence Anderson,* of Gary, for relator.

*Gerald N. Svetanoff, Bernard M. Tetek, George Halkias* and *Tomsich & Tetek,* of counsel, all of Gary, for respondents.

ACHOR, C. J.—This cause is before us on a petition for writ of prohibition and mandate.

In his petition relator states that on March 26, 1964, he filed a properly prepared declaration of candidacy for the office of treasurer of Lake County with the clerk of the Lake Circuit Court. That said clerk failed and refused to mail relator an official acknowledgment of such filing within one day, as required by Acts 1961, ch. 192, §1, p. 450, being §29-3605, Burns' 1949 Repl. (1964 Supp.), and continued to fail to do so up to the date of the filing of this petition, on April 27, 1964. That the respondents Krupa, the clerk of Lake Circuit Court, and Zurbriggen, acting as and constituting a majority of the Lake County Election

Board, removed relator's name as a candidate subject to the primary election on May 5, 1964 in Lake County, Indiana.

Relator further alleged that, on April 2, 1964, he filed his complaint in the Lake Circuit Court asking that a writ of mandate issue against the above named parties, directing them to reinstate his name as a candidate. With said complaint relator filed interrogatories which, on April 10, 1964, were answered by the respondent members of the Election Board, which answers relator asserts unequivocally established his right to the relief which he sought and left no justiciable issue for determination by the trial court. He asserts that thereafter he orally moved for the entry of summary judgment based upon said interrogatories, which motion the court refused to rule upon or to make an entry of the filing thereof. Our alternative writ ordered the respondent to enter such summary judgment, or show cause.

Relator's petition further states that, on April 10, 1964, the respondent court permitted one Leslie O. Pruitt to intervene in said cause, over the objection of the relator herein, although there was no showing that the said Leslie O. Pruitt was either a necessary or proper party to these proceedings. Said intervening petitioner thereafter filed a motion for change of venue from the county, which motion, over the objection of the relator, was granted.

Relator contends that the trial court exceeded its jurisdiction in permitting said Leslie O. Pruitt to intervene in said cause and in permitting him to file a motion for change of venue from said county. He further states that under the status of the proceedings and the imminent proximity of the impending primary election he has no adequate remedy at law.

This court issued a temporary writ.

However, because the primary election of May 3, 1964 had passed before this case could be put at issue, and decided by this court, the cause is now dismissed as moot.

Cause dismissed.

Arterburn, Jackson, Landis and Myers, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 332.