


FILED

Apr 30 2019, 1:16 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Indiana Supreme Court

Supreme Court Case No. 19S-MH-264

## In the Matter of the Civil Commitment of T.W.,
*Appellant (Respondent)*
–v–
## St. Vincent Hospital and Health Care Center, Inc.,
## d/b/a St. Vincent Stress Center,
*Appellee (Petitioner)*

---

## In the Matter of the Civil Commitment of A.M.,
*Appellant (Respondent)*
–v–
## Community Health Network, Inc.,
*Appellee (Petitioner)*

_____

Decided: April 30, 2019

Appeal from the Marion Superior Court
No. 49D08-1804-MH-14684
The Honorable Steven R. Eichholtz, Judge
The Honorable Kelly M. Scanlan, Commissioner
On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-MH-1148

Appeal from the Marion Superior Court
No. 49D08-1802-MH-7271
The Honorable Steven R. Eichholtz, Judge
The Honorable Kelly M. Scanlan, Commissioner
On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-MH-636

---

**Per Curiam Opinion**

All Justices concur.

**Per curiam**

The purposes of civil commitment proceedings include protecting the public and ensuring the rights of persons whose liberty is at stake. *Civil Commitment of T.K. v. Dep't of Veterans Affairs*, 27 N.E.3d 271, 273 (Ind. 2015). With such interests involved, we write to underscore the importance of proper entry of commitment orders.

# Facts and Procedural History

St. Vincent Hospital and Health Care Center, Inc., d/b/a St. Vincent Stress Center, requested the temporary involuntary mental health commitment of T.W. The next day, Judge Steven R. Eichholtz of the Marion Superior Court, Probate Division, ordered the prehearing detention of T.W. and appointed a public defender. Commissioner Kelly M. Scanlan presided over the April 20, 2018 evidentiary hearing on St. Vincent's request. Later that day, she signed an "Order for Temporary Commitment." It stated that "the Court now finds by clear and convincing evidence" that T.W. suffers from a mental illness, is dangerous to others, is gravely disabled, and needs custody, care, and treatment at St. Vincent "for a period of time not to exceed ninety (90) days." Appellant's App. Vol. II at 10. The order committed T.W. to St. Vincent "until July 19, 2018 unless discharged prior." *Id.* at 11. The order is signed, "Kelly M. Scanlan, Judge, Marion Superior Court No. 8, Probate Division," but is not countersigned by Judge Eichholtz. *Id.* The order directed distribution to the parties.

T.W., by counsel, filed a notice of appeal on May 14, 2018, calling the temporary commitment order a final judgment. *Id.* at 3. On August 2, 2018—after the period of temporary commitment defined in the order expired—T.W. filed an appellant's brief arguing the evidence was insufficient to support the order and the order was defective because it was signed by the Commissioner only. After the appeal was fully briefed and transmitted to the Court of Appeals, T.W. moved for remand to the

trial court to enter a final order. St. Vincent objected to the motion and argued among other things that T.W. had waived any objection to the Commissioner's authority to enter a final order.

A divided Court of Appeals rejected T.W.'s arguments and affirmed. *T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 113 N.E.3d 1257 (Ind. Ct. App. 2018). Among other things, the majority held that although Indiana law barred the Commissioner from entering a final order in the case, T.W. waived appellate review of the issue by not objecting earlier. *Id.* at 1260. It also denied the motion for remand.

A.M.'s case is separate but similar. Community Health Network, Inc., sought the temporary involuntary commitment of A.M. Judge Eichholtz issued a preliminary order continuing A.M.'s detention until a March 1, 2018 hearing and appointing a public defender. Commissioner Scanlan presided over the March 1, 2018 hearing. Later that day, she signed an "Order of Temporary Commitment." It stated that "the Court now finds by clear and convincing evidence" that A.M. is suffering from a mental illness, is gravely disabled, and needs custody, care, and treatment. Appellant's App. Vol. II at 9. It committed A.M. to Community's in-patient psychiatric unit until May 30, 2018, unless discharged earlier. The order is signed, "Kelly M. Scanlan, Judge, Marion Superior Court 8," but is not countersigned by Judge Eichholtz. *Id.* at 10. The order directed distribution to A.M. and counsel.

On March 26, 2018, A.M., by counsel, filed a notice of appeal, calling the temporary commitment order a final judgment. *Id.* at 3. On June 21, 2018—after the period of temporary commitment defined in the order passed—A.M. filed an appellant's brief arguing the evidence was insufficient to support the order and the order was defective because it was signed by the Commissioner only. On October 31, 2018, after the appeal was fully briefed, A.M. moved to remand the case to the trial court to issue a final order. But the Court of Appeals denied A.M.'s motion and affirmed. *Matter of Civil Commitment of A.M.*, 116 N.E.3d 496 (Ind. Ct. App. 2018). It held among other things that although Indiana law barred the Commissioner from entering a final order in A.M.'s case, A.M. had waived that issue. *Id.* at 501.

We grant the transfer petitions filed by A.M. and T.W. and consolidate their appeals for purposes of this opinion.

## Discussion

We conduct de novo review of questions of statutory interpretation, *Ballard v. Lewis*, 8 N.E.3d 190, 193 (Ind. 2014), and appellate procedure. *J.W. v. State*, 113 N.E.3d 1202, 1206 (Ind. 2019).

A threshold issue in these appeals is mootness. "The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991). When the controversy at issue has been ended or settled, or somehow disposed of so as to render it unnecessary to decide the question involved, the case will be dismissed. *Id.* But "Indiana recognizes a public interest exception to the mootness doctrine, which may be invoked when the issue involves a question of great public importance which is likely to recur." *Matter of Tina T.*, 579 N.E.2d 48, 54 (Ind. 1991). When this Court elects to address an issue under the public interest exception, it need not "address all of the issues in the case as presented by the parties." *Lawrance*, 579 N.E.2d at 37.

The records show these appeals of the temporary commitment orders are moot. Statutes governing temporary commitment provide that "[i]f, upon the completion of the hearing and consideration of the record, the court finds that the individual is mentally ill and either dangerous or gravely disabled, the court may order the individual to: (1) be committed to an appropriate facility; or (2) enter an outpatient treatment program under IC 12-26-14 for a period of not more than ninety (90) days." Ind. Code § 12-26-6-8(a); *see* Ind. Code § 12-26-6-1. The period specified in each appealed order has passed.

Despite the appeals' mootness, we address an issue of great public importance likely to recur: Did the Commissioner lack authority to enter orders of civil commitment? In Marion County, a probate commissioner may hear evidence and make reports to the court thereon, including "reports concerning the commissioner's findings and conclusions

regarding the proceedings." Ind. Code § 33-33-49-16(a). But all matters handled by a commissioner under this subsection "are under the final jurisdiction and decision of the judge of the probate division." *Id.* The same statute provides a "master commissioner appointed by the court under this section **has the powers and duties prescribed for a magistrate** under IC 33-23-5-5 through IC 33-23-5-9" and a "master commissioner shall report the findings in each of the matters before the master commissioner in writing to the judge or judges of the division to which the master commissioner is assigned[.]" Ind. Code § 33-33-49-16(e) (emphasis added). With exceptions not applicable here, "a magistrate shall report findings in an evidentiary hearing, a trial, or a jury's verdict to the court" and "[t]he court shall enter the final order." Ind. Code § 33-23-5-9(a); *see In re Involuntary Commitment of A.M.*, 959 N.E.2d 832, 834 n.1 (Ind. Ct. App. 2011) (noting commitment order was "defective because it lacks a judge's signature" and was signed only by the magistrate).[1]

St. Vincent and Community do not argue the Commissioner had authority to issue a commitment order, i.e., a judgment. Nor do they deny that a judgment requires a "signature of the judge," Ind. Trial Rule 58(B)(5), or that Judge Eichholtz did not sign the commitment orders.

Instead, they argue Judge Eichholtz approved each order via an "Approval Order for Record of Judgments and Daily Orders" entered in *Probate Court Administrative Orders*, No. 49D08-1708-CB-30844 ("CB number"). Specifically, St. Vincent relies on an Approval Order dated April 23, 2018, signed by Judge Eichholtz, wherein he stated the court "being advised by the magistrate, commissioner and/or referee of this court approves the findings and recommendations of the magistrate, commissioner and/or referee and adopts the findings and recommendations as the order in all cases heard" on April 20, 2018. Br. of Appellee at 21-23; *In re T.W.*, No. 49D08-1804-MH-14684 (chronological case summary ("CCS") entry of Aug. 27, 2018). Community relies on a similarly phrased Approval

---

[1] T.W., A.M., and Community identify Scanlan as "Master Commissioner." St. Vincent refers to her simply as "Commissioner" without disputing her status as "Master Commissioner."

Order, signed by Judge Eichholtz and dated March 2, 2018, which states the court was advised by the magistrate, commissioner, and/or referee and was adopting their findings and recommendations as the order in all cases heard March 1, 2018. Appellee's App. Vol. II at 27.[2]

The Approval Orders do not constitute valid commitment orders for these two mental health cases. The letters "CB" in the CB number, which appears on each of the Approval Orders, signifies a "Court Business record—i.e. court orders that refer to **non-case matters** such as the appointment of judge pro tem, drawing the jury, etc." Ind. Administrative Rule 8(B)(3) (emphasis added). The Approval Orders do not cross-reference any specific mental health case by title or number. Nor do they direct the clerk to enter the Approval Orders on the CCS for the mental health cases or direct distribution to parties or their counsel. And the Approval Orders are ambiguous in this context: they purport to adopt findings and recommendations of the "magistrate, commissioner and/or referee" for matters heard on a particular day, yet the temporary commitment orders, on their face, purport to be those of a "Judge," not a commissioner, magistrate, or referee.[3] In short, the Approval Orders provide inadequate assurance that Judge Eichholtz was presented with (in writing), reviewed, and approved the temporary commitment orders in the cases of T.W. and A.M. *See L.J. v. Health & Hosp. Corp.*, 113 N.E.3d 274, 277-78 & n.4 (Ind. Ct. App. 2018) (disapproving of same court's "peculiar" use of court business record and explaining that the "use of a business record order to summarily affirm multiple unspecified decisions by a commissioner in no way suggests the trial judge considered the merits of

---

[2] We judicially notice the CCS for T.W.'s case in the trial court and the CCS for *Probate Court Administrative Orders*, No. 49D08-1708-CB-30844, both accessed through Odyssey, our electronic case management system. The latter CCS shows several orders appointing Scanlan as judge pro tempore but not for the dates she signed the orders concerning T.W. and A.M.

[3] As these cases show, the Commissioner's signature on orders identifying herself as "Judge" is confusing. It clouds the signer's role and prevents court staff and the clerk from reliably ascertaining if the "order" should be promptly recorded and processed as an order or judgment, or, instead, treated as a report of findings and recommended order and presented to the judge for decision. And, as to the parties, it obscures whether the petitioner has obtained relief and leaves the respondent not knowing how, when, and where to seek review.

those decisions."); *see also In re Hawkins*, 902 N.E.2d 231, 240 (Ind. 2009) ("Review of final orders by the presiding judge is not a mere technicality.").[4]

# Conclusion

We agree with the Court of Appeals that the Commissioner lacked authority to enter the commitment orders. Under these circumstances, though, where the orders concern periods that have expired, remanding those orders to the trial court for its review serves no apparent purpose.[5] Therefore, we dismiss the appeals as moot, without addressing sufficiency of the evidence or waiver.

All Justices concur.

ATTORNEYS FOR APPELLANT T.W.
Joel M. Schumm
Indianapolis, Indiana

Valerie K. Boots
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

---

[4] To the extent St. Vincent or Community implies the trial court's approval of the commitment orders occurred later—when these appeals were pending and the court "corrected" or "modified" the records under Ind. Appellate Rule 32 to make the Approval Orders part of the trial court records in the cases of T.W. and A.M.—we disagree. By then, jurisdiction had vested in the Court of Appeals with the filing of the notice of completion of clerk's record. *See* Ind. Appellate Rule 8. Also, the trial court's CCS in T.W.'s case suggests it was Commissioner Scanlan, not Judge Eichholtz, who signed the order to "correct" the record. *In re T.W.*, No. 49D08-1804-MH-14684 (CCS entries for August 27, 2018); St. Vincent's Appellee's Resp. to Appellant's Mot. for Limited Remand (attachment p.3).

[5] T.W. and A.M. contend that despite expiration of the commitment periods specified in the appealed orders, the orders allow potentially harmful collateral consequences. But we have declared the Commissioner lacked authority to order civil commitment, and T.W. and A.M. are free to ask the trial court for any relief they believe appropriate to avoid alleged collateral consequences.

ATTORNEYS FOR APPELLEE ST. VINCENT HOSPITAL AND
HEALTH CARE CENTER, INC. D/B/A ST. VINCENT STRESS
CENTER
Andrew B. Howk
Matthew M. Schappa
Hall Render Killian Heath & Lyman
Indianapolis, Indiana

ATTORNEYS FOR APPELLANT A.M.
Joel M. Schumm
Indianapolis, Indiana

Valerie K. Boots
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE, INDIANAPOLIS BAR
ASSOCIATION, APPELLATE PRACTICE SECTION
Libby Y. Goodknight
Krieg DeVault LLP
Indianapolis, Indiana

Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

Paul L. Jefferson
McNeely Stephenson
Indianapolis, Indiana

Josh S. Tatum
Plews Shadley Racher & Braun LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE COMMUNITY HEALTH NETWORK, INC.
Jenny R. Buchheit
Stephen E. Reynolds
Gregory W. Pottorff
Ice Miller, LLP
Indianapolis, Indiana