## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 17 2020, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Danielle L. Flora
Fort Wayne, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re: The Mental Health Commitment of K.H., <br><br> *Appellant-Respondent.* | January 17, 2020 <br><br> Court of Appeals Case No. 19A-MH-901 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable David J. Avery, Judge <br><br> Trial Court Cause No. 02D01-1903-MH-321 |

**Robb, Judge.**

# Case Summary and Issue

[1] K.H. appeals the trial court's order for her involuntary temporary commitment at the Park Center, contending there was insufficient evidence that she was "gravely disabled" due to her mental illness. *Sua sponte*, we address the dispositive issue of whether K.H.'s appeal should be dismissed as moot because her period of involuntary commitment has passed. We dismiss.

# Facts and Procedural History

[2] On March 24, 2019, local law enforcement officers brought K.H. to Parkview Behavioral Health ("PBH") for immediate detention. K.H.'s family had contacted law enforcement alleging that K.H. was confused and had been sitting in her car for hours. Upon admission to PBH, K.H. was seen by psychiatrist Dr. Kevin Murphy. On March 27, 2019, Felicia Williams, PBH social worker, filed a petition for the involuntary commitment of K.H., whom she had reason to believe was a mentally ill person. In his physician's statement, Dr. Kevin Murphy stated that K.H. is "grossly psychotic, responding to internal stimuli, is delusional, paranoid, and has severely fragmented speech and thought processes. She has a history of greater than 14 psychiatric admissions in Ohio for similar psychotic/manic episodes[.]" Appellant's Appendix, Volume 2 at 11.

[3] The trial court held a hearing on April 4, 2019. Dr. Murphy testified that K.H. suffers from schizoaffective disorder, bipolar type, and as a result of her mental

illness, she has a substantial impairment or obvious deterioration of her judgment, reasoning, or behavior that results in her inability to function independently. *See id*. at 22-23; *see also* Hearing on Petition for Temporary Commitment, Volume 2 at 5. At the conclusion of the hearing, the trial court determined that K.H. meets the definition of "gravely disabled" pursuant to Indiana Code section 12-7-2-96 and ordered that K.H. be committed to Park Center for a temporary period not to exceed ninety days.

[4] K.H. filed her Notice of Appeal on April 24, 2019 and notably, served all filings on the Indiana Attorney General as well as Park Center and Williams. In September 2019, the Attorney General filed a Notice of Non-Involvement, in which it asserted that it has no interest in the case as K.H. was not committed to a state institution and the proper appellee in the matter would be Williams or Park Center. However, neither Williams nor Park Center filed an appellate brief in this matter.[1] K.H. has since been released from commitment.[2]

# Discussion and Decision

[5] K.H. appeals the trial court's involuntary commitment order, which was issued on April 4, 2019 and set to expire ninety days later, and argues there was

---

[1] Given that neither Park Center nor Williams filed a brief, we appreciate the State entering an appearance to be able to review the pleadings and K.H.'s brief for the purpose of determining whether it had an interest in this case and then concisely informing this court of the proper parties to this case.

[2] It is unclear the exact date K.H. was released; however, the trial court ordered that her commitment not exceed a period of ninety days and K.H. concedes the period has passed. *See* Brief of Appellant at 9.

insufficient evidence to support the trial court's commitment order. Here, we are faced with the threshold issue of mootness as K.H.'s period of temporary commitment has lapsed. K.H. admits her period of temporary involuntary commitment in this case has expired. Therefore, this court cannot render effective relief to her.

[6] When a court is unable to render effective relief to a party, the case is deemed moot and usually dismissed. *R.P. v. Optional Behavior MHS*, 26 N.E.3d 1032, 1035 (Ind. Ct. App. 2015). "The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." *T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 121 N.E.3d 1039, 1042 (Ind. 2019). And although moot cases are usually dismissed, our courts have recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of "great public interest[,]" typically involving issues that are likely to recur. *In re Commitment of J.B.*, 766 N.E.2d 795, 798 (Ind. Ct. App. 2002). "The question of how persons subject to involuntary commitment are treated by our trial courts is one of great importance to society. Indiana statutory and case law affirm that the value and dignity of the individual facing commitment or treatment is of great societal concern." *Id.*

[7] However, we decline to apply that exception in the instant matter as we have previously considered, discussed, and resolved the issue K.H. raises in her appeal, namely the sufficiency of the evidence as to whether an individual meets the statutory definition of "gravely disabled." *See, e.g., T.A. v. Wishard*

*Health Serv., Midtown Cmty. Mental Health Ctr.*, 950 N.E.2d 1266 (Ind. Ct. App. 2011); *A.L. v. Wishard Health Servs., Midtown Cmty. Mental Health Ctr.,* 934 N.E.2d 755 (Ind. Ct. App. 2010), *trans. denied*; *Golub v. Giles*, 814 N.E.2d 1034 (Ind. Ct. App. 2004), *trans. denied*.  Moreover, we are careful to consider the merits of moot involuntary commitments only when there is an issue of great public importance and K.H. has not argued, nor do we find, an issue of great public importance based on these facts.  Therefore, we dismiss K.H.'s appeal.

# Conclusion

K.H.'s period of involuntary commitment has expired, and we cannot provide effective relief.  Therefore, this matter is moot and accordingly, we dismiss.

Dismissed.

Bradford, C.J., and Altice, J., concur.