## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 05 2020, 9:21 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Michael E. Hunt
Rachel M. Rogers
Monroe County Public Defender's Office
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

James L. Whitlatch
Kathryn DeWeese
Bunger & Robertson
Bloomington, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.R., <br> *Appellant-Respondent,* <br><br> v. <br><br> Indiana University Health Bloomington Hospital, <br> *Appellee-Petitioner.* | May 5, 2020 <br><br> Court of Appeals Case No. 19A-MH-3043 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Stephen R. Galvin, Judge <br><br> Trial Court Cause No. 53C07-1911-MH-443 |

**Kirsch, Judge.**

[1] M.R. appeals his temporary involuntary commitment at Indiana University Health Bloomington Hospital ("Hospital"), contending that the evidence was

insufficient to support the commitment for a period of up to ninety days and to support the order for forced medication. Sua sponte, we address the dispositive issue of whether M.R.'s appeal should be dismissed as moot because M.R.'s commitment concluded on February 24, 2020.

We dismiss.

## Facts and Procedural History

On November 18, 2019, M.R. was brought to the Hospital, and on that same day, the Hospital prepared an application for emergency detention on the basis that M.R. had "flooded his apartment," was "tangential and paranoid[,]" and was not taking care of [himself]." *Tr. Vol. 2 at 5*; *Appellant's App. Vol. II* at 6. The emergency detention application noted that M.R., who presented as psychotic, was suffering from a psychiatric disorder that substantially disturbed his thinking, feeling, or behavior and impaired his ability to function and that he had no insight and was suffering from impaired judgment. *Appellant's App. Vol. II* at 6. The accompanying physician's emergency statement echoed the allegations contained in the emergency detention application and also observed that M.R. had been falling at his home and was decompensating. *Id.* at 7. On November 20, 2019, the trial court issued an order approving the application for emergency detention. *Id*. at 8.

On November 21, 2019, the Hospital filed a report following emergency detention ("report"), a petition for involuntary commitment ("commitment petition"), and a physician's statement. *Id.* at 9-15. The Hospital's report stated

that Hospital psychiatrist Dr. Michael Metrick ("Dr. Metrick") examined M.R. and found probable cause to believe M.R. was suffering from schizophrenia and was gravely disabled. *Id.* at 11; *Tr. Vol. 2* at 4-5. The commitment petition alleged that M.R. presented a substantial risk that he would harm himself, was gravely disabled as a result of his schizophrenia, was "paranoid [and] delusional" and "impedes [his] understanding of providing [for his] basic needs[,]" and that he did not have family, friends, or others willing and able to assist him in meeting his basic needs of food, clothing, and shelter. *Appellant's App. Vol. II* at 9-10.

[5] On November 26, 2019, the trial court held a hearing on the Hospital's commitment petition. *Id.* at 3. Dr. Metrick was the sole witness to testify at the hearing. *Tr. Vol. 1* at 2. His testimony addressed M.R.'s symptoms, including hallucinations, which were consistent with schizophrenia and that M.R. was not consistently taking his prescribed medication, Seroquel. *Tr. Vol. 2* at 5-7. Dr. Metrick also testified that, in his opinion, M.R. was gravely disabled. *Id.* at 7-8. Regarding M.R.'s substantially impaired judgment and its impact on his ability to function independently, Dr. Metrick stated that M.R. has "a lack of awareness of people attempting to assist him despite medical concerns[,]" has "refused basic treatment, including a physical exam[,]" and that his "understanding and consistency" in taking medication had been inconsistent. *Id.* at 10. Dr. Metrick indicated that M.R. lacked insight into his own need for psychiatric care or medical care. *Id.* He stated that the treatment plan was for M.R. to be in an environment where he can take his medication consistently,

that commitment is the least restrictive environment for M.R, and that if M.R. were to be discharged he would not have a safe place to go. *Id.* at 11. Dr. Metrick also testified that he was seeking a forced medication order, which would include treatment with Seroquel and the possibility of treatment with other anti-psychotics such as Risperidone, Invega Sustenna, and Abilify Maintenna, if Seroquel, Dr. Metrick's preferred option, did not work. *Id.* at 12-14. Dr. Metrick thought the benefits to M.R. of treatment with anti-psychotic medication outweighed the possible side effects of the medication and would help treat M.R.'s underlying schizophrenia. *Id.* at 14-15.

[6] On that same day, the trial court issued the temporary commitment order, which found that M.R. suffers from schizophrenia and is gravely disabled as defined in Indiana Code section 12-7-2-96. *Appellant's App. Vol. II* at 4. The temporary commitment order authorized a period of commitment in the Hospital not to exceed ninety days and forced medication treatment with Seroquel, Risperidone, Invega Sustenna, and Abilify Maintenna. *Id.* at 4-5. M.R. now appeals.

# Discussion and Decision

[7] M.R. appeals the temporary commitment order, which was issued on November 26, 2019 and was set to expire on February 24, 2020. M.R. argues that the evidence is insufficient to support: (1) the temporary commitment order's finding that he is gravely disabled; and (2) the forced medication order. Here, we are faced with the threshold issue of mootness as M.R.'s period of

temporary involuntary commitment has lapsed.  Therefore, this court cannot render effective relief to him.

[8]     When a court is unable to render effective relief to a party, the case is deemed moot and is usually dismissed.  *R.P. v. Optional Behavior MHS*, 26 N.E.3d 1032, 1035 (Ind. Ct. App. 2015).  "The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court."  *T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 121 N.E.3d 1039, 1042 (Ind. 2019).  Although moot cases are usually dismissed, our courts have recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of "great public interest[,]" typically involving issues that are likely to recur.  *In re Commitment of J.B.*, 766 N.E.2d 795, 798 (Ind. Ct. App. 2002).  "The question of how persons subject to involuntary commitment are treated by our trial courts is one of great importance to society.  Indiana statutory and case law affirm that the value and dignity of the individual facing commitment or treatment is of great societal concern."  *Id.*

[9]     We decline to apply the mootness exception in this case.  This court has previously considered, discussed, and resolved the issues M.R. raises in his appeal.  *See, e.g., B.D. v. Ind. Univ. Health Bloomington Hosp.*, 121 N.E.3d 1044 (Ind. Ct. App. 2019) (addressing the sufficiency of the evidence for a forced medication order); *T.A. v. Wishard Health Serv., Midtown Cmty. Mental Health Ctr.*, 950 N.E.2d 1266 (Ind. Ct. App. 2011) (addressing the sufficiency of the evidence for a temporary commitment order's finding that an individual is

gravely disabled).  We are careful to consider the merits of involuntary commitments only when there is an issue of great public importance.  Here, based on these facts, we do not find an issue of great public importance.  Therefore, we dismiss M.R.'s appeal.

[10] M.R.'s period of temporary involuntary commitment has expired, and we cannot provide effective relief.  Therefore, this matter is moot, and, accordingly, we dismiss.

[11] Dismissed.

Najam, J., and Brown, J., concur.