FILED

Apr 11 2023, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Michelle C. Harter
Lekse Harter, LLC
Greenwood, Indiana

ATTORNEY FOR AMICUS CURIAE LIBERTY
DEFENSE POLITICAL ACTION COMMITTEE

Meghan C. Carver
Greenfield, Indiana

ATTORNEYS FOR APPELLEE
INDIANA ELECTION
COMMISSION

Theodore E. Rokita
Attorney General of Indiana

Frances Barrow
Deputy Attorney General

Melinda R. Holmes
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE DANIEL
HOLTZ

Andrew M. Hicks
Warrick & Boyn, LLP
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amy Rainey,

*Appellant-Petitioner,*

v.

Indiana Election Commission,
Daniel Holtz,

*Appellees-Respondents*

April 11, 2023

Court of Appeals Case No.
22A-PL-1548

Appeal from the Marion Superior
Court

The Honorable Gary L. Miller,
Judge

Trial Court Cause No.
49D03-2203-PL-7383

**Opinion by Judge Kenworthy**
Judges Bradford and Pyle concur.

**Kenworthy, Judge.**

[1] Last year, Amy Rainey tried to run for public office, seeking candidacy as a Republican candidate in the May 2022 primary election. Daniel Holtz—the local party chair—challenged her candidacy, alleging Rainey was not affiliated with the party in the way Indiana Code Section 3-8-2-7 requires. In February, the Indiana Election Commission upheld the challenge. At that point, there was only one way Rainey could appear on the May ballot: Rainey had to seek judicial review of the Commission's decision, starting at the trial court level.

[2] In March, Rainey filed for judicial review. And with the primary approaching, Rainey also sought preliminary relief, asking the trial court for a preliminary injunction and an emergency stay of the Commission's decision. The trial court held a hearing on those requests. On March 31—one month before the primary—the court issued an interlocutory order denying preliminary relief.

[3] At that point, Rainey did not pursue an interlocutory appeal. Put differently, she did not immediately seek an appellate decision about granting preliminary relief. Because of the status quo, Rainey did not appear on the primary ballot.

[4] After the election, the trial court held a hearing on Rainey's claims. Those claims were: (1) The Commission made a mistake in upholding the challenge; (2) The Commission deprived Rainey of due process; and (3) Indiana Code Section 3-8-2-7(a)(4) (the "Affiliation Statute")—the law underlying the

candidacy challenge—violated the United States Constitution and the Indiana Constitution. In June, the trial court issued a final order denying Rainey relief.

[5] Rainey now appeals for the first time, even though she could have pursued an interlocutory appeal before the primary election. Rainey had the right to an interlocutory appeal because the court refused Rainey's request to "grant . . . a preliminary injunction[.]" Ind. Appellate Rule 14(A)(5). Even if Rainey could not pursue an interlocutory appeal as of right, any litigant may pursue a discretionary interlocutory appeal under Appellate Rule 14(B). Moreover, the Appellate Rules accommodate urgency, creating procedures for shortened briefing deadlines in an interlocutory appeal, *see* App. R. 14(G)(2), as well as procedures for an emergency stay of the underlying decision, *see* App R. 39(D).

[6] Was Rainey required to pursue an interlocutory appeal? No. *See, e.g.*, *Bojrab v. Bojrab*, 810 N.E.2d 1008, 1014 (Ind. 2004) ("A claimed error in an interlocutory order is not waived for failure to take an interlocutory appeal but may be raised on appeal from the final judgment.").[1] May Rainey appeal now? Absolutely. *See* Ind. Const. art. 7, § 6 (providing "in all cases an absolute right to one appeal"); *id.* art. 1, § 12 (specifying "[a]ll courts shall be open" and guaranteeing a "remedy by due course of law"); *see also, e.g.*, *Bojrab*, 810 N.E.2d at 1014.

---

[1] Sometimes an order "[i]ssued by an Administrative Agency" is "by statute . . . expressly required to be appealed as a mandatory interlocutory appeal." App. R. 14(A)(9). We discern no such requirement here.

[7] Yet by waiting for the election to pass, Rainey changed the nature of her case. That is, before the election, it was possible for Rainey to appear on the ballot. But after the election, no court could turn back the clock. Therefore, regardless of the outcome—indeed, even if Rainey prevailed—a judicial opinion would not change the legal relationship between Rainey and the defendants (Holtz and the Commission). There was no longer a concrete controversy between them.

[8] In short, after the election, no court could render "effective relief . . . to the parties[.]" *In re Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991). Therefore, the case became moot. *See State ex rel. Pruitt v. Lake Cir. Ct.*, 201 N.E.2d 332, 333 (Ind. 1964) (determining a case involving a similar timeline had become moot where "the primary election . . . had passed before th[e] case could be put at issue . . . and decided"); *see also Lawrance*, 579 N.E.2d at 37 (noting a case is moot "[w]hen the concrete controversy at issue in a case 'has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved'" (quoting *Dunn v. State*, 71 N.E. 890, 891 (Ind. 1904))).

[9] When a case is moot, a court typically dismisses. *Mosley v. State*, 908 N.E.2d 599, 603 (Ind. 2009). That is because, without a concrete controversy, any judicial opinion is, "for all practical purposes," an advisory opinion. *I.J. v. State*, 178 N.E.3d 798, 799 (Ind. 2022) (per curiam) (quoting *Mosley*, 178 N.E.3d at 603). We generally "do not provide advisory opinions," *Hill v. State*, 592 N.E.2d 1229, 1230 (Ind. 1992), and instead focus on resolving live cases and controversies, *see Mosley*, 908 N.E.2d at 603. We avoid issuing advisory opinions because the Indiana Constitution calls for separation of powers. *See*

Ind. Const. art. 3, § 1 (creating "three separate departments"—"the Legislative, the Executive including the Administrative, and the Judicial"—and specifying "no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as . . . expressly provided").

As to separation of powers, even if a case is not moot (*i.e.*, ripe), "it is a cardinal principle of the judicial function that we will pass upon the constitutionality of a coordinate branch's action only when it is absolutely necessary[.]" *Snyder v. King*, 958 N.E.2d 764, 786 (Ind. 2011) (emphasis omitted). This doctrine of strict necessity flows from "the unique place and character, in our scheme, of judicial review of governmental action for constitutionality." *Id.* (quoting *Citizens Nat'l Bank of Evansville v. Foster*, 668 N.E.2d 1236, 1241 (Ind. 1996)).

Still, we may address the merits of a moot case under limited circumstances. *See, e.g.*, *E.F. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 188 N.E.3d 464, 466 (Ind. 2022) (per curiam). That is, Indiana courts "have discretion to decide moot cases that present questions of great public importance likely to recur." *Id.* at 465. Although the exception is narrow, this discretion is "broad." *Id.* at 466. In short, if justice requires an opinion, we have the discretion to issue one.

The Indiana Supreme Court recently addressed the merits in a consolidated appeal involving citizens involuntarily committed to mental health institutions. *See T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 121 N.E.3d 1039 (2019) (per curiam). In each case, the commitment order had expired. *See id.* at 1040–41. Even though the cases were moot because of the timeline, the Court applied the

public-interest exception and addressed the merits. *See id.* at 1042–44. The Court later discussed the function of the public-interest exception in that context, explaining: "[A]ppellate courts are not required to issue an opinion in every moot temporary commitment appeal, but they may readily do so to address novel issues or close calls, or to build the instructive body of law to help trial courts make these urgent and difficult decisions." *E.F.*, 188 N.E.3d at 466.

[13] Turning to the case at hand, the parties briefed the mootness issue. We also held oral argument, where we explored mootness and the propriety of applying the public-interest exception.[2] As to the public-interest exception, the parties identified competing interests, highlighting tensions among (1) a candidate's interest in reaching the ballot, (2) a voter's interest in meaningful choice at the ballot, and (3) a political party's interest in self-regulation. Rainey also asserted the parties—and the public—could benefit from our guidance on the claims.

[14] Without a doubt, this case involves vital public interests. At the same time, unlike cases involving temporary civil commitments, candidacy challenges do not involve the immediate deprivation of personal liberty. And a challenge under the Affiliation Statute—directed toward Rainey or any other prospective candidate—is generally less likely to recur than a matter involving legal intervention to support a person with a mental-health condition. *See, e.g.*, *id.* at 465–67 (discussing a series of cases involving temporary commitment orders).

---

[2] We thank those in attendance, who respectfully observed the oral argument, and we commend counsel for the skilled oral advocacy. We also thank amicus—Liberty Defense PAC—for helpful briefing in this matter.

Moreover, it is not as though this case involves a straightforward challenge under the Affiliation Statute. Rather, there was a mismatch between Rainey's basis for party affiliation and the allegations Holtz made on his challenge form. This sort of mismatch seems even less likely to recur. Further, we acknowledge Rainey's assertion that an advisory opinion would provide useful guidance regarding the constitutionality of the Affiliation Statute and, among other things, the proper course and scope of administrative proceedings. That said, the public would benefit from an advisory opinion in many kinds of cases. Even so, we must remain mindful of the judicial function, respecting constitutional boundaries calling for restraint. Finally, and even more to the point, we cannot ignore that Rainey could have appealed before the election. Indeed, she had the chance for a timely and effective judicial opinion.

All in all, under the circumstances, we dismiss the case as moot. *Cf. Pruitt*, 201 N.E.2d at 333 (dismissing as moot where the case involved exclusion from the ballot and the election had passed); *I.J.*, 178 N.E.3d at 799 (granting transfer, vacating an advisory opinion from this Court, and dismissing the case as moot).

Dismissed.

Bradford, J., and Pyle, J., concur