FILED

Jun 08 2023, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Theodore E. Rokita
Attorney General of Indiana

Benjamin M.L. Jones
Section Chief, Civil Appeals
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

David F. McNamar
McNamar & Associates, P.C.
Westfield, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Board of Pharmacy, Donna S. Wall, Steven Anderson, Del Fanning, Winnie Landis, Mark Smosma, and Matt Balla, | June 8, 2023 |
| *Appellants-Respondents/Defendants,* | Court of Appeals Case No. 22A-PL-1811 |
| v. | Appeal from the Marion Superior Court |
| Paul J. Elmer, | The Hon. Patrick J. Dietrick, Judge |
| *Appellee-Petitioner/Plaintiff.* | Trial Court Cause No. 49D12-2001-PL-104 |

**Opinion on Rehearing by Judge Bradford**
Judges Robb and Pyle concur.

**Bradford, Judge.**

On January 2, 2020, after the Indiana Board of Pharmacy ("the Board") revoked Paul Elmer's expired pharmacist's license, he brought suit against it and its members (collectively, "Appellants"), alleging that the Board had lacked the statutory authority to revoke an already-expired license and that Appellants had violated his fundamental rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). On January 31, 2020, the trial court granted the parties' joint motion to bifurcate the state-law claim from the federal claim. *See Ind. Bd. of Pharm. v. Elmer*, 171 N.E.3d 1045, 1048 (Ind. Ct. App. 2021), *trans. denied*. Elmer's judicial-review action was resolved in his favor. *See id*. at 1052. Thereafter, the Section 1983 claim proceeded, with the trial court eventually entering judgment in Elmer's favor and awarding him attorney's fees. Appellants appealed, and, on March 30, 2023, we issued our original opinion, in which we reversed and remanded with instructions to enter judgment in favor of Appellants and to vacate the award of attorney's fees to Elmer. Today, we grant Elmer's petition for rehearing for the limited purpose of clarifying that his claims made pursuant to Section 1983 against the Board members in their official capacities (as opposed to their individual capacities) are encompassed by our original disposition.

In our original opinion, we concluded, *inter alia*, that the Board members enjoyed absolute quasi-judicial immunity from a Section 1983 suit in their individual capacities; Elmer, however, is correct that this immunity does not extend to them in their *official* capacities, in which he also sued them. *See, e.g.*, *Melton v. Ind. Athletic Trainers Bd.*, 156 N.E.3d 633, 651 (Ind. Ct. App. 2020)

("[I]mmunity defenses are not available to officials sued in their official capacities[.]"), *trans. denied*. Under certain circumstances, a plaintiff may obtain prospective relief from state officials acting in their official capacities. *See Ross v. Ind. State Bd. of Nursing*, 790 N.E.2d 110, 117 (Ind. Ct. App. 2003) (noting that, pursuant to Section 1983, "a state official cannot be sued in his official capacity for retrospective relief *but can be sued for prospective relief*") (emphasis added). A plaintiff bringing an official-capacity suit against state officials, however, must allege an ongoing violation of federal law. *See Melton*, 156 N.E.3d at 651. This Elmer cannot do. When Elmer's judicial-review claim terminated in his favor,[1] he was no longer able to state a claim pursuant to Section 1983 because any violation of federal law that might have occurred ceased when Elmer won his judicial-review action, *i.e.*, the illegal "revocation" of his expired license was over. This inability to allege an ongoing violation of federal law fatally undercut Elmer's Section 1983 claim against the Board members in their official capacities.

[3] For the same reason, prospective relief can no longer be given to Elmer, also serving to render his claim moot. A request for injunctive relief is moot when no relief is possible or if the relief sought has already occurred. *See, e.g.*, *Medley v. Lemmon*, 994 N.E.2d 1177, 1183 (Ind. Ct. App. 2013) (request for injunctive relief regarding visitation restrictions became moot when those restrictions

---

[1] *See Ind. Bd. of Pharm. v. Elmer*, 171 N.E.3d 1045, 1052 (Ind. Ct. App. 2021) ("We conclude that the applicable statutes do not authorize the Board to revoke an expired, invalid license."), *trans. denied*.

expired), *trans. denied*. The resolution of Elmer's judicial-review claim in his favor gave him all the relief to which he was entitled.

[4] Because any violation of Elmer's fundamental rights that may have occurred ceased when he prevailed in the judicial-review action, his Section 1983 claim against the Board members in their official capacities became untenable and moot.[2] The trial court therefore erred in entering judgment in favor of Elmer on his Section 1983 claim against the Board members in their official capacities. Because we have already ordered that the trial court enter judgment in favor of all Appellants (which includes the Board members in their official capacities), our original disposition of the case is unaffected by this opinion on rehearing.

Robb, J., and Pyle, J., concur.

---

[2] While Indiana courts recognize an exception to the mootness doctrine for matters of "great public interest which [are] likely to recur[,]" *T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 121 N.E.3d 1039, 1042 (Ind. 2019), Elmer does not claim that his case qualifies for this exception.