

# IN THE
# Court of Appeals of Indiana

In re Te.W. (Minor Child), Child in Need of Services

C.K. (Mother),

*Appellant-Respondent*



**FILED**

Feb 06 2026, 10:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Indiana Department of Child Services,

*Appellee-Petitioner,*

February 6, 2026

Court of Appeals Case No.
25A-JC-2257

Appeal from the Hendricks Superior Court

The Honorable Travis Bauman-Crane, Judge

Trial Court Cause Nos.
32D03-2410-JC-000097

**Opinion by Judge Felix**

Judges May and Mathias concur.

**Felix, Judge.**

## Statement of the Case

[1] During a review hearing held after Te.W. ("Child") was adjudicated a child in need of services ("CHINS"), the trial court ("CHINS Court") ordered C.W. ("Mother") and Tr.W. ("Father") (collectively, "Parents") to have joint physical custody of Child. The CHINS court subsequently closed the CHINS case, and the court adjudicating Child's paternity ("Paternity Court") adopted the CHINS court's order in a temporary order. Mother appeals the CHINS court's custody order.

[2] Because we conclude Mother's challenge to the order is moot, we dismiss.

## Facts and Procedural History

[3] Child was born in August 2021 to Parents. On July 2024, Child was adjudicated a CHINS on Parents' admission based on Parents' substance abuse. Also in July, Mother opened a paternity case regarding Child, and Father filed a paternity affidavit therein.

[4] On July 30, 2025, the CHINS Court held a review hearing. DCS requested the court close the CHINS case because the trial home visit with Mother was going

well, Parents had completed services,[1] there were "no safety concerns," and all that remained was Parents' "disagreement on [parenting] times," which DCS "d[id] not feel comfortable managing." Tr. Vol. II at 6. The Court Appointed Special Advocate agreed there was "no reason for this case to be open"; Parents simply had "difficulty with the parenting time schedule," *id*., and Parents needed to "appear in front of a juvenile paternity judge" and litigate the matter "there," *id*. at 6–7. Mother's counsel also agreed, stating, "I think this matter needs to be litigated upstairs." *Id*. at 7.

[5]     The CHINS Court stated, "[U]ntil the [Paternity] Court sorts it out, I'm going to write an order today." Tr. Vol. II at 16. The CHINS Court indicated its order would provide for a "50/50 week on, week off parenting time schedule." *Id*. at 17. The CHINS Court also clarified, "This is not an end all, be all. This is just until [the Paternity Court] comes up with a more permanent solution." *Id*. at 19.

[6]     On August 15, the CHINS Court issued a written order (1) closing the CHINS case, (2) ordering that Parents "share joint physical custody by each having [Child] one week," and (3) providing that the order "survive the closing of th[e] CHINS case." Appellant's App. Vol. III at 65. On September 3, the Paternity Court held an evidentiary hearing regarding the July 2024 "petition to establish

---

[1] Father remained engaged in "co-parenting" skills class through home-based casework. Tr. Vol. II at 9.

paternity filed by [Mother]."[2] Appellant's Supp. App. Vol. II at 2. The Paternity Court "took evidence concerning temporary child support and parenting time orders for the child" and issued a "temporary" order. *Id.* The Paternity Court ordered that the CHINS Court's August 15 order "is the order of the court concerning physical custody and parenting time and is adopted under this case number." *Id.* at 3. The order further provided that Parents could "file a motion to modify custody or parenting time and their motion w[ould] be addressed at the final hearing."[3] *Id.*

[7] On September 12, 2025, Mother filed her appeal of the CHINS Court's August 15 custody order. This appeal ensued.[4]

## Discussion and Decision

### Mother's Challenge to the CHINS Court's Order is Moot

[8] Mother challenges the CHINS Court's August 15 order awarding Parents joint physical custody of Child. Mother argues that the CHINS Court lacked jurisdiction to determine custody and erred in doing so. We disagree. In

---

[2] No transcript of this hearing is included in the appellate record.

[3] Our review of the Chronological Case Summary in the paternity case, Cause 32D03-2412-JP-190, reveals that a final hearing was originally set for November 18, 2025, but was continued.

[4] Mother filed a motion to supplement the record and request for judicial notice regarding several documents concerning the paternity proceedings. We grant this motion in an order issued contemporaneously with this opinion.

Additionally, DCS informed this court that it would not be filing an appellee's brief: "Although DCS was involved in the underlying CHINS proceeding, the appeal involves a custody modification between Mother and Father." Notice, December 31, 2025. Father also does not participate in this appeal.

deciding this matter, we first conclude the CHINS Court had concurrent jurisdiction to determine custody. We next conclude that Mother's challenge to the order is moot because the Paternity Court's temporary order now governs custody.

### a. Concurrent Jurisdiction

[9] Indiana Code section 31-30-1-13(b) provides for "concurrent jurisdiction" between two courts having jurisdiction of the same child. I.C. § 31-30-1-13(b). As relevant here, the statute provides that a court having jurisdiction over a "child who is the subject of a child in need of services proceeding" has "concurrent jurisdiction" with "a court having jurisdiction under IC 31-14 for the purpose of establishing or modifying paternity, custody, parenting time, or child support of the child." *Id.*

[10] This court has held the statute "'evidences a clear intent by the legislature for a CHINS court to be able to establish or modify custody, child support, or parenting time of a child over whom it exercises jurisdiction,' even when the child is also subject to a paternity action." *In re A.M.J.*, 228 N.E.3d 1132, 1140 (Ind. Ct. App. 2024) (quoting *M.M. v. Ind. Dep't Child Servs.*, 118 N.E.3d 70, 77 (Ind. Ct. App. 2019)), *trans. not sought*. Here, although paternity proceedings involving Child were ongoing, pursuant to Indiana Code section 31-30-1-13(b), the CHINS Court had concurrent jurisdiction to determine custody.

### b. *Mootness*

Indiana Code section 31-30-1-13(d) governs the transition of "primary jurisdiction" from the CHINS court to another court having jurisdiction over the child after a CHINS case is closed. I.C. § 31-30-1-13(d). As relevant here, the subsection provides that, if the court having jurisdiction over a child in a CHINS proceeding (1) "establishes or modifies paternity, custody, child support, or parenting time of a child"; and (2) "terminates a child in need of services proceeding . . . regarding the child"; then (3) "the order establishing or modifying paternity, custody, child support, or parenting time survives the termination of the child in need of services proceeding . . . until the court having concurrent original jurisdiction under subsection (a) assumes or reassumes primary jurisdiction of the case to address all other issues." Ind. Code § 31-30-1-13(d).[5]

Here, because the CHINS court established custody *and* terminated the CHINS case, pursuant to subsection (d), the CHINS court order "survive[d]" the termination of the CHINS case. I.C. § 31-30-1-13(d). The order survived "until" the paternity court "assume[d] or reassume[d] primary jurisdiction of the case to address all other issues." *Id*.

---

[5] Finally, subsection (e) of the statute provides that, once the court having jurisdiction of the child in the paternity proceeding "assumes or reassumes jurisdiction" of the case, that court "may modify child custody, child support, or parenting time in accordance with applicable modification statutes." *Id*. § 31-30-1-13(e).

[13] The Paternity Court assumed primary jurisdiction when it held an evidentiary hearing and issued a temporary order adopting the CHINS Court's custody order. At this point, the CHINS Court's order was no longer in effect in its own right; the Paternity Court's order now governs custody. I.C. § 31-30-1-13(d) (providing that a CHINS court's custody order "survives . . . *until*" the paternity court assumes or reassumes primary jurisdiction (emphasis added)).

[14] Why do we think this appeal is moot? "A case is moot when the controversy at issue has been ended, settled, or otherwise disposed of so that the court can give the parties no effective relief." *E.F. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 188 N.E.3d 464, 466 (Ind. 2022) (citing *T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 121 N.E.3d 1039, 1042 (Ind. 2019), *reh'g denied*); *see also J.F. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 256 N.E.3d 1260, 1264 (Ind. 2025) (citing *T.W.*, 121 N.E.3d at 1042) (holding an appeal is moot "when the appellate court cannot provide either party with effective relief"). When a case is moot, it will be dismissed. *T.W.*, 121 N.E.3d at 1042 (citing *In re Lawrence*, 579 N.E.2d 32, 37 (Ind. 1991)).

[15] In *In re A.C.*, 198 N.E.3d 1, 9 (Ind. Ct. App. 2022), *trans. denied*, this court held that a challenge to the trial court's "Initial/Detention Order" was moot because the child's continued detention was "no longer based on the Initial/Detention Order but on the Dispositional Order" issued thereafter. As in *A.C.*, Mother's appeal is moot because she challenges only the CHINS Court's order, which no longer governs custody. The Paternity Court's order governs custody, but

Mother does not challenge that order. Mother's appeal must therefore be dismissed.[6] *See T.W.*, 121 N.E.3d at 1042 (citation omitted).

[16] Dismissed.

May, J., and Mathias, J., concur.

ATTORNEY FOR APPELLANT

Audrey Kathleen Lunsford
Lunsford Legal, LLC
Indianapolis, Indiana

---

[6] We note that CHINS adjudications are an exception to the ordinary mootness doctrine due to the collateral consequences a CHINS adjudication implicates for parents. *See In re S.D.*, 2 N.E.3d 1283, 1290 (Ind. 2014). Mother, however, is not appealing the CHINS adjudication here, nor does she argue an exception to the mootness doctrine applies.